SIMEON ADAMS AND OTHERS *v.* WILLIAM H. WAIT.

*Deposition.    Register in Bankruptcy.    Mesne Process.    Capias. Execution.    Certificate.    Wilful and Malicious Act.    Fiduciary Capacity.    Statutes.    (Gen. Sts., ch. 33, § § 76, 77, and ch. 121, § 24.    Lex Fori.*

Suit commenced by a writ against the body of defendant issued on affidavit that the defendant was about to leave the State, etc., under section 76 of chapter 33 of the General Statutes.    The court below having found the requisite facts, adjudged the act wilful and malicious under section 24 of chapter 121 of the General Statutes, and that the plaintiffs were entitled to a close jail execution.    Held that in this there was no error.

Held that the character and effect of the execution is made to depend upon the judgment of the court as to whether the cause of action arose from the wilful and malicious act of the defendant, and not upon the manner of service of the writ.

Held that a demand of the money and a refusal to pay was unnecessary.

The cause of action in this case arose in Illinois, and depends upon the laws of that State; but when established by judgment in this State, the mode of enforcing such judgment is determined by the law of this State, it having reference solely to the remedy.

Certificate of a register in bankruptcy, that the defendant was by him adjudged a bankrupt, etc., excluded as not properly authenticated, and as being immaterial.

Certain depositions offered by the plaintiffs, and read in evidence under objection for substance, on the motion of the plaintiffs for certificate under section 24 of chapter 121 of the General Statutes, and of the defendant to take poor debtor's oath, held admissible.

ASSUMPSIT. The writ was issued as a *capias* upon the affidavit that the defendant was about to leave the state, etc., and the defendant was arrested and held to bail. Plea, the general issue. Trial by jury, September term, 1867, BARRETT, J., presiding.

The jury returned a verdict for the plaintiffs, and thereupon they moved the court for a certificate under section 24 of chapter 121 of the General Statutes, upon the execution to be issued pursuant to the provisions of said section. The defendant also made application for the poor debtor's oath. The court thereupon proceeded to hear said motions at the same time. Upon the close of the examination of the defendant, the case, with said motions pending, was continued to the next April term, and then to the September term for judgment upon the verdict, and for the further hearing and decision of said motions. Such hearing having been resumed, no further evidence was offered on the part of the defendant on his motion for the poor debtor's oath.

The plaintiffs, on the motion for the certificate, offered the depositions of F. C. Baker, Jonathan Blanchard, Roswell E. Adams, and, as bearing upon both motions, the depositions of George R. Roberts, James H. Woodworth and John R. Dickinson. The depositions of Baker, Blanchard and Adams tended to prove that the defendant collected certain notes for the plaintiffs in Illinois; the deposition of Roberts that he was in partnership with the defendant in the lumber business from 1863 to 1865, and that at the termination of such partnership the defendant received a large amount of money for his interest in the business; and the depositions of Woodworth and Dickinson that the defendant was teller of a banking institution at Chicago, Illinois, called the Western Fire and Marine Insurance Company, from the fall of 1857 to the spring of 1858, and cashier from that time to July 1864; that the company failed in September 1864, and the defendant was then owing the company a large amount, and that no money was ever deposited in said bank to the credit of the plaintiffs. The defendant objected to these depositions for substance and not for form; but they were admitted, and the defendant excepted.

The defendant then offered a certificate signed J. E. Williams, register, etc., of which the following is a copy:

2

DISTRICT COURT OF THE UNITED STATES, ⎰ In the matter of WM.
   *Southern District of New York.* ⎱ HENRY WAITE, *Bankrupt.*

IN BANKRUPTCY.—I, Isaiah T. Williams, a Register in Bankruptcy, for the Southern District of New York, do hereby certify that the above named William H. Waite was by me, on the 16th day of March, 1868, duly adjudicated a Bankrupt, upon his own petition, and that proceedings in Bankruptcy, under said petition, are now pending before me.       I. T. WILLIAMS,
                         Register in Bankruptcy.

Dated the 16th day of April, 1868.

Objected to by the plaintiff and excluded by the court, to which the defendant excepted.

From the evidence in the case the court did not find that the defendant was entitled to take the poor debtor's oath, and denied his application therefor.

From the evidence given on the trial of the original issue by jury, and that given as above stated, the court found all the facts specified in section 24 of chapter 121 of the General Statutes. The defendant objected that the plaintiff was not entitled to have his motion sustained, because he did not institute his suit by an affidavit under the provisions of section 77, but did under section 76, chapter 33 of the General Statutes.

The court overruled the objection and adjudged that the cause of action arose from the wilful and malicious act of the defendant, and that he ought to be confined in close jail, and ordered excution to issue against the body of the defendant, with a certificate stated in or endorsed upon such execution according to the statutes in such case made and provided.

. To this the defendant excepted.


*H. E. Stoughton,* for the defendant.

The issues to be tried on the motion of the plaintiffs for a certificate were, whether the defendant held the money in trust, or in a fiduciary capacity ; or whether the defendant converted said money to his own use instead of applying it to its proper destination. Gen. Sts., p. 704, § 24. On these issues the depositions of Baker, Blanchard, Adams, Roberts, Woodworth, and Dickinson

were admitted under defendant's objection.   In this we insist there was error.

Section 77 of chapter 33 provides that for the arrest on mesne process of a person who holds money in trust and neglects to pay it over on demand, a *capias* may issue upon the filing of an affidavit setting forth these facts, and none of the provisions of the statute for discharging the arrest made under section 76 of said chapter apply; and under section 77 of chapter 33, the plaintiff must allege a demand to entitle him to a *capias*, and after judgment to entitle him to an execution against the body he must file his affidavit setting forth the demand before suit.

It is not sufficient to show that the money recovered in the judgment was received by the defendant in a fiduciary capacity to entitle the plaintiff to an execution against the body.   But he must allege in his affidavit that the defendant refused to pay after demand.

The case shows that the defendant at the time he received the notes for collection was a resident of the state of Illinois.   That he collected the money of parties residing in Illinois, and if he diverted or appropriated the money to his own use, it was done in Illinois.   It was entirely and exclusively an Illinois transaction, disconnected with Vermont, except that the plaintiff resided here at the time the suit was brought, and the defendant was found here temporarily when service was made upon him.

The *validity, extension,* as well as *performance* and *release* of contracts, is determined by the law of the place of contract, for the reason that the parties are presumed to contract with reference to that law only.   *Harrison* v. *Edwards,* 12 Vt., 648.   The mode of trial, the form of pleadings, the quality and degree of evidence, must be determined by the place of trial.   *Ib.*

The mode of redress extends no farther than the machinery for obtaining judgment and collection of the debt.   The present effort is to enforce a penalty imposed by our statute for the non-payment of a debt contracted in Illinois.

It is clear that an action cannot be sustained here for that which is not actionable in the state where the transaction was had, even though made actionable by our statute.   *Langdon* v. *Young,* 33

Vt., 136. *Melan* v. *Fitz James*, 1 Bos. & Pull., 138. *Talley-rand* v. *Boulanger*, 3 Ves., 447. *Wilson* v. *Rich*, 5 N. H., 455. *Dimick* v. *Brooks*, 21 Vt., 569.

*Charles N. Davenport*, and *Field & Tyler* for the plaintiffs.

The depositions objected to were properly admitted by the court below; they had a legitimate bearing upon one or both the motions. The depositions of Baker, Blanchard and Adams clearly tended to show that the defendant received and held the plaintiff's money in a fiduciary capacity; and that is true also of the depositions of Woodworth and Dickinson. Those and the depositions of Roberts furnished pretty satisfactory evidence that the defendant was not entitled to the poor debtor's oath.

The court properly excluded the certificate of the register of bankruptcy, or what purported to be such certificate, because it was not sufficiently authenticated. There is nothing in the act which constitutes his records (if indeed he is required to keep any,) evidence anywhere. He is not made a certifying officer. The records of proceedings in bankruptcy cases are kept by the clerk of the district court, and he alone can certify copies. Bankrupt Act of 1867, § § 3, 4, 5, 6, 7; *Belknap* v. *Davis*, 21 Vt., 409.

The proper evidence of the pendency of proceedings in bankruptcy would be an exemplification under the seal of the district court. 1 Green. Ev., § 501 *et seq.*

This certificate, if properly authenticated, had no relevancy to either of the motions pending before the court. It had no tendency to show that the defendant was entitled to the poor debtor's oath, or that the plaintiffs were not entitled to a close jail certificate. Such certificate could have been offered for no other purpose than to stay the proceedings in the court below, but such proceedings could have been stayed only by an order from the district court. Hence its admission or rejection was of no importance. Sec. 21 of the Act.

Upon the facts found by the county court, a final discharge in bankruptcy could neither be pleaded in bar of the plaintiffs' action, or used to affect their remedy.

The act provides in terms " That no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, *or while acting in any fiduciary character*, shall be discharged under this act," etc.   Bankrupt Act 1867, § 33 ; James on Bankruptcy, 149 ; *Morse* v. *Lowell*, 7 Met., 152 ; *Matteson* v. *Kellogg*, 15 Ill., 547 ; *White* v. *Platt*, 5 Denio, 269 ; In Re. Kimball, Nelson, Justice, January 1869.

From the evidence given, " the court found proved all the facts specified in section 24 of chapter 121, upon which it is enacted that it shall become the duty of the court to adjudge and do what is in said section provided."   This finding of the court as to the facts is conclusive, and not subject to revision here.   *Nichols* v. *Packard*, 16 Vt., 147 ; *Robinson* v. *Wilson*, 22 Vt., 35.

The statute authorizes the court to grant the certificate in " any action tried," where the facts show a proper case for granting it, irrespective of the form of action, or the manner of issuing and serving the writ.

The opinion of the court was delivered by

PIERPOINT, C. J.   We see no error in the ruling of the county court in admitting the several depositions referred to, and which were objected to by the defendant.   Both issues presented upon the respective motions of the parties being on trial before the court at the same time, we think all the said depositions were admissible upon one issue or the other, and most of them upon both.

We think the certificate of Williams, as register in bankruptcy, was properly excluded, as not properly authenticated, and as being immaterial to any issue then before the court.

The defendant claims that the court erred in granting the certificate, that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that he ought to be confined in close jail, as provided for in section 24 of chapter 121 of the General Statutes.

When the plaintiffs commenced their suit in this case they procured a writ against the body of the defendant, by filing an affidavit that the defendant was about to leave the state, etc., according to the provisions of section 76 of chapter 33 of the General Statutes ; and

having obtained judgment in the suit, the defendant now insists that the plaintiffs can have execution against the body only by filing another affidavit as required by such section, or at least by complying with the requirements of section 77 of the same chapter; neither of which it is conceded was done in this case. Under these sections the plaintiffs are entitled to an execution against the body of the defendant, on filing their affidavit as required with the authority issuing such execution. In such case the execution against the body is not based upon any finding or determination of the court that rendered the judgment, and no certificate is required to be attached to such execution, as to how the cause of action arose; the execution is not what is ordinarily called a close jail execution, but the defendant, if committed, is entitled to bail, and may avail himself of the poor debtor's oath, etc. But the proceeding under section 24 of chapter 121 is of an entirely different character. No affidavit of the plaintiff is required, and it is wholly immaterial how service is made upon the defendant, whether by arrest of the body or by summons. The character and effect of the execution is made to depend upon the judgment of the court as to whether the cause of action arose from the wilful and malicious act or neglect of the defendant. The language of the statute is: "In any action hereafter tried, in any court in this state, against any person, or persons, for the recovery of money, or other property, by such person, or persons, held in trust, or in any fiduciary capacity, if it shall appear to the court before whom such action shall be tried, that any defendant or defendants, converted said money, or other property, to his or their own private use, or diverted or misapplied the same or the use thereof from its proper legitimate and legal destination, it shall be the duty of said court to adjudge that the cause of action arose from the wilful and malicious act or neglect of such defendant or defendants, and that such defendant or defendants ought to be confined in close jail, and issue execution against the body, etc., with a certificate thereof, stated in, or endorsed upon, such execution," etc. A demand and refusal is not required here, as it is in the affidavit filed under section 77 of chapter 33, and is material only as it may have weight with the court in determining whether

the act was wilful and malicious. It appears that the court below found all the facts requisite under section 24 to make it their duty to adjudge the act wilful and malicious, and to issue execution against the body with a certificate thereof attached.

But it is said the cause of action in this case arose in Illinois, and that no such mode of enforcing judgments in such cases exists there. Whether the transaction between the parties created a cause of action in Illinois is a question that would depend upon the law of that state, but when the cause of action is established, and a judgment rendered thereon here, the mode of enforcing that judgment is determined by the law of this state, it having reference solely to the remedy.

The judgment of the county court is affirmed.