WILLIAM S. STYLES *v.* GEORGE T. SHANKS.

*Exceptions. Practice. Partnership.. Certified Execution under*
§ 24, *ch.* 121, *of the Gen. Sts.*

When the facts are spread upon the record by the findings of the county court or the report of an auditor or referee, it is a question of law whether such facts entitle the plaintiff to a certificate under § 24, ch. 121, of the Gen. Sts., that the cause of action arose from the wilful and malicious act or neglect of the defendant; and the decision of the county court thereon, may be revised by the supreme court on exceptions.

The supreme court will not a-sume that the county court acted in such cases upon facts not appearing upon the record.

The plaintiff and defendant entered into an agreement, whereby the plaintiff was to buy and furnish to the defendant certain articles of merchandize from time to time, which the defendant was to sell for cash, or on short credit, to persons of undoubted responsibility; and they were to share equally in the profits of the sales, and as the goods were sold and money collected, it was to be paid to the parties of whom the plaintiff purchased the goods. *Held,* a partnership, and that the plaintiff, in an action of account to settle said partnership dealings, in which he recovered judgment, was not entitled to a certified execution.

ACCOUNT against the defendant as bailiff and receiver. The auditor reported the following facts :

" On or about the first day of March, 1868, the parties entered into an agreement, by the terms of which the plaintiff was to furnish a store-room in Bondville, and purchase on his own account, flour, corn, corn meal, salt, and, by a later arrangement, phosphate ; and the defendant was to sell the same for cash, or short credit, to persons of undoubted responsibility, and the parties were to share equally in the gains, or profits, on the sales. The plaintiff, in accordance with said agreement, purchased various

bills of such kind of goods, but no others, on a credit of thirty days. The bills were sent to the defendant, and it was understood that as fast as the goods were sold and money collected, it was to be paid to the persons of whom the goods were purchased. The amount of such purchases is $2,056.28.

"I find that about the first of April, 1869, the parties examined the accounts relating to purchases and sales of said merchandize, and their accounts relating to other dealings, and the plaintiff claims that the result then arrived at, was agreed to as the sum then due him. By the consent of the defendant, the plaintiff procured his brother-in-law, Vespasian Benson, to assist in examining and figuring the accounts. The parties, with said Benson, spent the larger part of two days in the examination and computation of the accounts, and had before them the accounts, such as they were, kept by the defendant, and all the original papers and entries used at this hearing before the auditor, and probably one or two scraps of paper that are now lost. As the result of that accounting, the defendant was found to be owing the plaintiff $284.77. The result was then announced and understood by the parties, and a minute in figures made by Mr. Benson. The defendant expressed surprise and disappointment at the amount of his indebtedness, and manifested considerable anxiety on account of it, but he did not then dissent from the result; but I think and find that he then acceded to its correctness, and expressed an anxiety to pay the amount, and deplored his inability to do so. At the trial before the auditor, the defendant claimed that he settled with the plaintiff in May, and that all bills of purchases up to and including that of May 7th, were fully settled, and that upon that settlement he owed the plaintiff $40, and that the goods then on hand were his, being paid for except the balance of the $40.; and he testified that at the time of the looking over with Benson, he protested against going back of May 7th, and did not assent to the sum of $284.77, as due from him to the plaintiff. There was a looking over between the parties of a few of the first bills, and a division made of the profits, but it is clear to my mind, from the evidence, that there could not have been such a settlement as the defendant claimed. The defendant's accounts were very badly kept, mostly on scraps of paper, some on pieces of wrapping paper. One or more of the papers is lost, and there are no means of ascertaining the items or sums charged on the paper or papers lost—they can only be guessed at.

"In view of all the evidence, and the very great difficulty, on account of the loose manner in which the defendant's accounts were kept, of stating an account correctly from the commencement of

the business, I have adopted the accounting of the parties in April, 1869, with the exception of an error in a barrel of phosphate that the plaintiff should account for, and a charge for revenue tax. I therefore find from the evidence, that there was due to the plaintiff, as upon an account stated and agreed upon by the parties April 1, 1869, $284.77, of which there is still due to him $266.80. " The defendant was keeping a small store at Bondville, and the plaintiff purchased some small articles of him, such as saleratus, molasses, tea, crackers, kerosene oil, sugar, and some other articles, which were charged on the slips of paper referred to, and were allowed to the defendant toward the articles he had sold for the plaintiff. There were no items in the plaintiff's account, except for the goods purchased by him as aforesaid and freight on them, and which were to be sold by the defendant, upon the terms before stated, and the balance reported due the defendant, was all for such goods and interest thereon."

The court, at the December term, 1873, PORTER, Assistant J., presiding, rendered judgment on the report for the plaintiff, whereupon the plaintiff moved, that from the facts found by the auditor, the court adjudge that the cause of action arose from the wilful and malicious act of the defendant, and that the defendant ought to be confined in close jail, and that an execution issue against his body, certified agreeably to the provisions of the statute in such case made and provided. But the court overruled the motion; to which the plaintiff excepted.

*W. S. Southworth* and *E. L. Waterman*, for the plaintiff.

The plaintiff claims that upon the facts set forth in the auditor's report, he is entitled to a certificate under § 24, ch. 121, of the Gen. Sts. The two conditions required by the statute clearly exist here. 1st. The action is to recover money held *in a fiduciary capacity*. 2d. The defendant *converted the property to his own use*—diverting it from its proper, legitimate, and legal destination. Whether it was the specific property that he converted, or the money, the proceeds of the sales, is immaterial. That it was the one or the other, *exclusive of gains*, is apparent.

No *accident* without the fault of the defendant occurred to excuse him. No objection to the granting of the certificate can arise from the *form of the action*. *Adams et al* v. *Wait*, 42 Vt. 16.

Whether the original arrangement constituted a partnership *inter se*, is not material, as the ownership of the property remained in the plaintiff. 1 Parsons Cont. 148 ; *Smith et al.* v. *Watson et al.* 2 B. & C. 401. That the parties had examined their accounts, and arrived at a result that was adopted by the auditor, does not affect the right of the plaintiff to his certificate.

*C. N. Davenport* and *J. L. Martin*, for the defendant.

This motion is not within the jurisdiction of this court. The statute has only conferred jurisdiction over this subject upon the " court before whom such action shall be tried." This obviously means the court before which the *facts* are tried ; the findings necessary to such a certificate, involve the usual elements of a trial of facts, and the exercise of judicial discretion upon those facts. What precedent or practice can be found, to justify bringing a motion addressed to the discretion of the county court upon the facts appearing there, to this court for revision on exceptions ? *In re Wheelock*, 13 Vt. 375 ; *Nichols* v. *Packard*, 16 Vt. 147 ; *Robinson* v. *Wilson*, 22 Vt. 35.

If the motion is properly before this court, then we say that this is not an action to recover money or other property held in trust or in a fiduciary capacity, within the meaning of the statute. It is the ordinary action of account, to settle the partnership dealings of these parties. The parties were partners ; " The community of profits, is the criterion whereby to acertain if a contract be really one of partnership." Smith Mercant. Law, 24 ; *Griffith et al.* v. *Buffum et al.* 22 Vt. 181 ; *Brigham* v. *Dana*, 29 Vt. 1 ; *Chapman et al.* v. *Devereaux*, 32 Vt. 616.

If a partnership subsisted, the money received was as much the money of the defendant as the plaintiff.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This case comes before this court upon exception to the decision of the county court, refusing a certificate that the cause of action arose from the wilful and malicious act or neglect of the defendant, &c., under § 24 of ch. 121, of the Gen. Sts.

It is claimed by the defendant, that the determination of the court below is final on this question, and its decision cannot be revised on exceptions by this court.

When the facts in the case are of such a character as to bring the case within the provisions of said 24th section, it is made the *duty* of the court to grant the certificate ; the court has no discretion in the matter, the plaintiff is entitled to it as a legal right. When the facts are spread upon the record by the findings of the county court, or by the report of a referee, or an auditor as in this case, the question whether or not such facts bring the case within the statute, is a question of law, and the decision of the county court thereon, may be revised on exceptions by this court.

There is nothing in this case tending to show that the failure of the defendant to pay the money, was occasioned by accident, and without the fault of the defendant, so as to bring it within the exception in the statute ; and we cannot assume, therefore, that the county court, in .refusing the certificate, acted upon any such consideration.

The question then arises, do the facts found by the auditor, bring the case within the provision of the statute, so as to entitle the party, as a matter of law, to the certificate.

It appears from the report that the parties entered into an agreement that the plaintiff would procure and furnish to the defendant, certain articles of merchandize from time to time, and the defendant was to sell the same for cash or short credit, to persons of undoubted responsibility, and the parties were to share equally in profits on the sales, and as the goods were sold and money collected, it was to be paid in to the parties of whom the plaintiff purchased the goods. This we think constituted the parties copartners, practically. The plaintiff furnishing the capital and the defendant performing the labor of the business, each having an interest in the money ; the extent of that interest could only be determined on a final settlement of their affairs. Each was directly interested in the success of the business, one risking his property and the other his time. Why the business proved unsuccessful does not appear. It does appear that the defendant's accounts were badly kept, and on the final adjustment the

defendant was found to be indebted to the plaintiff. From what cause the deficiency arose, does not appear ; it may have been from bad debts, loss of property, depreciation in value, or any of the many causes that so often lead to like results. It does not appear that the defendant received any money from the sale of the goods that he did not pay over as agreed, or that he wrongfully appropriated any of the property to his own use, or that he diverted or misappropriated it. We think that in the absence of any affirmative finding of the existence of any such facts, the county court was fully justified in deciding that the cause of action did not arise from the wrongful and malicious act or neglect of the defendant, and in refusing the certificate.

Judgment affirmed.