## *In re* DAVID LEAHEY.

*Habeas Corpus.  Administrator.  Body or Certified Execution.*  R. L. ss. 1485, 1503.

The relator was administrator, and after receiving $1,400 belonging to the estate, resigned without paying the money to his successor, though ordered to do so by the court. The second administrator brought suit, recovered judgment for the money, a certified execution was issued, and the relator was imprisoned in jail; *Held*, that he could not lawfully be discharged on *habeas corpus*.

HABEAS CORPUS.

*F. W. McGettrick,* for the relator.

It is insisted that any balance of money remaining in his

*In re* Leahey.

hands after the termination of his administration of the estate, such money having, as alleged, been received by him *as administrator*, constituted but a simple debt for which process would not lie against the body. His liability, if any, was by virtue of a contract to properly administer that estate or answer on his bond.

The second count declares simply in debt on a judgment of the Probate Court without reciting the defendant's relation to the estate.

An action on judgment is a process issuing on an implied contract within the meaning of the statute exempting the body from arrest. Freem. Judg. s. 217; *Sawyer* v. *Vilas*, 19 Vt. 44.

Even though the defendant held the money in a fiduciary capacity, as per averment in the first count, that count also alleges a judgment of the Probate Court which is a merger of the original liability. *In re Bingham*, 32 Vt. 330; *in re Leach*, 51 Vt. 629; *Leach* v. *Peabody, ante*, 485.


*Waterman & Martin*, for the administrator.

Error in law in the judgment, or commitment on defective or voidable process, will not justify a discharge. The relator must show that the proceeding upon which he is under confinement is void. *In re Hosley*, 22 Vt. 363; *Tracy, ex parte*, 25 Vt. 93; *in re Dougherty*, 27 Vt. 325; *in re Greenough*, 31 Vt. 285; *Kellogg, ex parte*, 6 Vt. 509.

An administrator holds the estate in a fiduciary capacity. He is required to account for all profits he can make from it. He is impliedly at least prohibited by law from mingling the funds with his own, as between him and the estate. 1 Perry Trusts, s. 209; *Perper* v. *Stone*, 10 Vt. 116; *Mead* v. *Byington*, 10 Vt. 110; *in re Brigham*, 32 Vt. 329.

The administrator is required to give a bond; but if he neglects to do so, still he is administrator, and liable for the funds in his hands. This statute is merely directory. R.

*In re* Leahey.

L. s. 2066; *Probate Court* v. *Niles*, 32 Vt. 775; *Clark* v. *Tabor*, 22 Vt. 595.

The opinion of the court was delivered by

TAFT, J. The relator seeks to be discharged upon *habeas corpus* from imprisonment in the Windham County jail. He was administrator of the estate of Patrick Leahey, and as such administrator received, as a part of the estate, fourteen hundred forty-eight 26-100 dollars. He resigned as administrator, and was ordered by the Probate Court to pay said sum, then in his hands, to his successor, Starkey. Upon his failure so to do, Starkey brought an action of debt against him, the writ issuing as an attachment under R. L. s. 1485, the proper affidavit having been filed, and recovered judgment at the February Term in 1881 of the Supreme Court, in Windham County, for the sum above mentioned; and under s. 1503 R. L., the court adjudged that the cause of action arose from the willful and malicious act of the defendant, and that a certified execution might issue against him. The relator was committed under an execution issued upon that judgment, and is now seeking to be discharged.

It does not need argument to show that money, held by an administrator as assets of an estate, is held in trust, or in a fiduciary capacity, and the character in which it is held, is not changed by the settlement of his account in the Probate Court. Such settlement is simply determining the amount which he has in his hands and which he should pass over to the parties entitled to it. It is not a simple contract debt which he is liable to pay to a creditor. The funds are not his; he has no right to use them for his own purposes; he holds them as a strict trust, to pay them away only upon order of the court. This being the nature of his possession of the funds, the attachment of the relator and his imprisonment upon the execution were legal; and it is ordered that he be remanded to the custody of the jailer.