# C. C. HASKELL, GUARDIAN OF C. A. RUBLEE, v. IRA G. JEWELL.

*Ward's Wages in Guardian's Employ are Assets. Close Jail Execution for Trust Debt.* R. L. ss. 1485, 1503.

1.  Wages earned by a ward while in the employ of his guardian are treated as money assets held by the guardian in trust or in a fiduciary capacity, to be accounted for like other assets; and in an action on a decree of the Probate Court ordering payment of the wages, the court below properly awarded under the statute—R. L. s. 1503—a close jail certificate, having found that the cause of action arose from the willful and malicious act or neglect of the defendant.

2.  And in a proceeding under section 1503 no affidavit is required, as under section 1485; and it is immaterial whether the writ issued against the body or not, or whether served by arrest of the body or attachment of property.

ACTION of debt on a judgment rendered by the Probate Court. Heard by the court March Term, 1886, Washington County, POWERS, J., presiding. Judgment for the plaintiff. The only question raised was whether the plaintiff was entitled to a certified execution, the court holding that he was. The case is stated in the opinion.

*J. P. Lamson,* for the defendant.

This is debt on a judgment, and not a suit for the recovery of money held in a fiduciary capacity. Section 1503, R. L., does not apply. This is nothing but a debt which defendant owes for the labor of his ward. He holds nothing in trust. An affidavit should have been filed. R. L. s. 1485.

*S. C. Shurtleff,* for the plaintiff.

The certificate was properly granted. *Robinson* v. *Wilson,* 22 Vt. 35; *Adams* v. *Wait,* 42 Vt. 16; *Soule* v. *Austin,* 35 Vt. 518; *Whiting* v. *Dow,* 42 Vt. 262. Defendant held the property in a fiduciary capacity. *State* v. *King,* 8 How.

Pr. 298; s. c. 14 How. Pr. 131; *Langdon* v. *Bowen*, 46 Vt. 512.

The opinion of the court was delivered by

WALKER, J.   This is an action of debt on a judgment of Probate Court.   No objection was made in the County Court to a judgment for the plaintiff.   The only question presented is upon the defendant's exception to the action of the County Court in granting the certificate, which it awarded, that the cause of action arose from the willful and malicious act or neglect of the defendant, and that he ought to be confined in close jail, as provided for in section 1503, R. L.   The language of the section is :

"In an action for the recovery of money or property held in trust or in a fiducary capacity, if it appears to the court that any defendant intentionally converted said money or other property to his use, or diverted or misapplied the same, or the use thereof, it shall adjudge that the cause of action arose from the wilful and malicious act or neglect of such defendant, and that he ought to be confined in close jail, and issue execution against his body, with a certificate thereof stated in or upon such execution, and such execution, with such statement or indorsement, shall have the same effect as an execution issued upon judgments founded upon tort, with a like statement or indorsement."

It appears from the bill of exceptions that the defendant was the guardian of Charles A. Rublee for many years, and until March 5, 1885, when he resigned, and the plaintiff, C. C. Haskell, was appointed in his place.   While the defendant was his guardian, Rublee lived in the defendant's family and worked for him, and the defendant allowed him for his work such sum as he thought was right, but never paid him any part of his wages, except some small sums for spending money. When the defendant resigned he had in his hands the wages thus earned by his ward; and on a final settlement of his guardian account, the Probate Court ordered and decreed that he should pay over such sum as was found due by the court

Haskell v. Jewell.

for Rublee's wages to the plaintiff, who was appointed his successor; and this suit is brought on this decree or judgment of the Probate Court to recover the amount so adjudged to be owing from the defendant as guardian to his ward.

It is contended by the defendant that the County Court was in error in holding upon the facts disclosed by the case that the defendant held money of the ward in his hands in trust or in a fiduciary capacity; and it is also contended by the defendant that the judgment of the Probate Court was simply for a debt which the defendant owed for the labor of his ward, and not for money or property held in trust or in a fiduciary capacity.

We think this contention of the defendant cannot be maintained. It is unquestionably true, when the matter is considered in the ordinary sense of the term, and in view of the usual relations of debtor and creditor, that the defendant was the debtor of his ward for the work performed by him for the defendant during the time he was his guardian. But the law, in the matter of a guardian's indebtedness to his ward, wisely treats the debt of the guardian to his ward as paid to him in his representative capacity, and as so much money of the ward in his hands as assets de facto, to be accounted for like other assets, because he cannot sue himself for the debt, or collect it of himself, as he could a debt due the ward which he holds against another person. Wages earned by the ward in the employ of his guardian, before and after his appointment, if unpaid, are universally held to be money assets in the hands of the guardian, and regarded in the law the same as money or other property received by the guardian for the ward from any other source, and as so much money of the ward in his hands at the time such debt for work became due, and he must account for it as such. This legal fiction of payment arises from the peculiar relations of the guardian and ward, and is adopted not only from considerations of policy, but for the purposes of justice and protection of the ward's estate. *Kinney* v. *Ensign,* 18 Pick. 232; *Tarbell* v. *Jewett,* 129 Mass. 457; *Lyon* v. *Osgood,* 58 Vt. 707.

It follows, therefore, that whatever, sum was due from the defendant as guardian to his ward for wages, was money assets of the ward in his hands, of which he had control, and which he was bound to use and exercise for the benefit of the ward. His relation to and power over the assets necessarily made him the holder of the same as money held in trust or in a fiduciary capacity.

This court, in the case of *David Leahey, in re*, 58 Vt. 724, where the relator sought to be discharged upon *habeas corpus* from imprisonment in Windham County jail on a close jail certificate granted against him in an action on a judgment of the Probate Court for money held by him as administrator of an estate, decided that money held by an administrator as assets of an estate is held in trust or in a fiduciary capacity. The case cited and the case at bar are alike in principle. A guardian sustains the same relation to the money of the ward in his hands as an administrator does to the money assets of an estate in his hands.

We think the court below correctly ruled that the money belonging to the ward, for the recovery of which the suit was brought, was held by the defendant in trust or in a fiduciary capacity.

It is further contended by the defendant that the County Court had no power to grant the certificate, because the writ issued only against property, and service was made only by attachment of property or summons, and no affidavit had been filed, as required by section 1485, R. L., which reads :

"If the plaintiff, praying out a writ in an action against a person holding the money of the plaintiff in a fiduciary capacity, files with the authority issuing the writ an affidavit stating that the defendant is the receiver of money for the plaintiff in a fiduciary capacity, which the defendant has not paid on demand, and that his action is instituted to recover the same, such writ may issue as an attachment against, and be served upon, the body of the defendant ; and if judgment is recovered in such action for moneys so received by the defendant, execution may issue thereon against, and be served on, the body of

Haskell *v.* Jewell.

the defendant, if the plaintiff files with the authority issuing the execution his affidavit of such facts.".

The answer to this contention of the defendant is that the proceeding under section 1485 is entirely different in character from, and independent of, the procedure under section 1503. Under the former section the execution against the body issues solely upon the strength of the affidavit filed, and not upon the finding and determination of the court rendering the judgment; while under the latter section it does not issue upon the filing of an affidavit, but upon the finding and judgment of the court, that the cause of action arose from the willful and malicious act or neglect of the defendant; the finding and determination of the court are alone the basis of the right to have the execution issue against the body, with a close jail certificate endorsed thereon. The statute in the latter case does not require an affidavit to be filed, and none is needed.

It is wholly immaterial whether the original writ issued against the body or not, or whether the service was made by an arrest of the body, or by an attachment of property, or by summons. *Adams et al.* v. *Wait*, 42 Vt. 16.

We find no error in law in the action of the County Court in granting the close jail certificate, and the judgment of the County Court is affirmed.