# IN RE ROBERT FITTON.


## JANUARY TERM, 1896.


*Habeas Corpus.    Effect of dismissing an appeal.    Trial
without formal arrest.*

1.   If in *habeas corpus* proceedings in the U. S. Circuit Court,
     the relator appeals from the judgment of that court to the
     U. S. Supreme Court, and the supreme court subsequently
     dismisses the appeal for the want of prosecution, the judg-
     ment of the circuit court is in full force from and after the
     filing of the mandate dismissing the appeal.

2.   *Habeas corpus* does not lie for the mere correction of error ;
     and in general one confined upon sentence following con·
     viction will not be released upon that writ unless the sen-
     tence is void.

3.   That one under arrest for one offense is brought into court
     and put upon trial for a different offense without having been

formally arrested upon the latter indictment, is at best an irregularity which cannot be reached by *habeas corpus*.

*Habeas corpus.*   Heard at the January term, 1896.

*Robert Fitton*, relator, *pro se.*

*W. W. Stickney* and *J. G. Sargent* for the state.

No irregularity will justify a discharge upon *habeas corpus* unless it renders the proceedings void. *Ex parte Tracy*, 25 Vt. 93; *Ex parte Mitchell*, 104 Mo. 121; *In re Swan*, 150 U. S. 637.

The decision of the U. S. Supreme Court dismissing the the appeal was a final judgment, U. S. Rev. Stat. s. 766; *Jugico* v. *Brush*, 140 U. S. 291.

MUNSON, J.   The relator was indicted for perjury at the December term of the Windsor county court in 1887, was tried on said charge at the May term of that court in 1891, and on conviction thereof was sentenced to the state prison at Windsor, where he is now confined.   The relator claims that his detention is unlawful because of illegalities in the proceedings by which he was brought to trial.

It appears that after this indictment was found the relator absented himself from the state, but that he came into the state at Bennington in January, 1891, as John Rice, and was afterwards at Troy in the state of New York.   It being claimed that a larceny had been committed at Bennington by the person known as John Rice, a demand for the surrender of such person was made by the governor, but his requisition was not complied with.   The relator, understanding that there were some informalities in the papers which required correction and would cause delay, consented to return to this state, upon receiving from the officer a written statement that he was taken only upon the charge of larceny.   He was held to bail upon this charge at Bennington, and upon giving satisfactory surety for his appear-

ance therein, was arrested upon a charge of intoxication, and was held upon that charge until he was taken on a *capias* issued by the clerk of the Windsor county court upon the above indictment.

Upon being committed to the Windsor county jail on this arrest, the relator obtained a writ of *habeas corpus* from the United States district judge, which writ was taken into the circuit court then in session, and upon a hearing in that court the relator was discharged from custody, with protection from arrest for one day. An appeal from this decision was taken to the supreme court by both the relator and the state, and the relator was released on giving bail for his appearance to abide the decision of that court. The case was taken up on the relator's appeal, and on his failure to prosecute the same the cause was dismissed April 22, 1891, the mandate being filed in the circuit court April 28. The petition shows further that on July 12, 1891, the relator was brought into the circuit court on a writ of *habeas corpus*, and that proceedings were then had in regard to his bail.

In April, 1891, the relator was in Windsor county jail upon a warrant of commitment issued in proceedings for contempt, and while so in confinement he was again committed in default of bail upon a charge of jail breaking. He was brought to trial upon this last named charge at the May term, and upon conviction was sentenced, June 13, to confinement in the state prison. After this, the relator being thus in the Windsor county jail, he was brought into court and put to trial upon the indictment for perjury above mentioned; protesting, however, that he was not legally called upon to make answer thereto. There was no rearrest of the relator upon the charge of perjury.

It is claimed by the relator that he was under the jurisdiction of the circuit court by reason of his bail until July 12, and so was not amenable to the state court at the time of his trial. This position cannot be sustained. The dismissal of

the appeal by the supreme court was a final disposition of the matter, and left the judgment of the court below in full force. When the mandate of the supreme court was filed in the circuit court, the judgment of that court became complete, and was thereupon to be carried into effect. The relator could then have delivered himself in discharge of his bail or have departed without relieving his bail. The existence of the bail did not prevent his being proceeded with in the state court after the expiration of the time for which he was given protection. This point was made on *habeas corpus* in the circuit court in 1893, and was decided against the relator. *Re Fitton*, 55 Fed. Rep. 271. We know of no ground on which a different conclusion can be reached.

But the relator's principal objection is that he was tried without having been re-arrested. It is well settled that the writ of *habeas corpus* cannot be given the effect of a writ for the correction of errors or irregularities. One who is detained upon a sentence following conviction will not ordinarily be entitled to relief, unless the defect is such as to render the proceedings void. *Ex parte Seibold*, 100 U. S. 375. It has been said by this court that to entitle a relator to discharge the process must be void and not merely erroneous. *Ex parte Kellogg*, 6 Vt. 509. *In re Greenough*, 31 Vt. 279. The inquiry ordinarily resolves itself into one regarding jurisdiction. A want of jurisdiction will render void a proceeding which is entirely legal in form. But if the court has jurisdiction of the subject matter and the person, and renders such a judgment as it would be authorized to render in some circumstances in cases of that class, the proceedings will stand the test of this writ, however irregular they may have been. See 26 Am. Dec. 40 note.

It is apparent that the question here is whether the court had jurisdiction of the person of the relator in the perjury proceeding. He clearly was not before the court by virtue

of the arrest made at Bennington, for he had been discharged from that arrest by competent authority. It is not claimed that any other paper for his arrest or detention in that case was ever issued. But being in the custody of the sheriff upon another charge, he was brought into court and put upon trial. An arrest in a criminal case is defined to be the apprehending or detaining of the person in order that he may be forthcoming to answer an alleged crime. In this case the person was forthcoming for trial, although the detention which kept him within reach of the court was upon another charge. He was in fact before a court which had jurisdiction to try persons charged with that offense. He was put to trial upon an indictment pending in that court. The utmost regularity required no action from any one other than the court and it officers. The objection urged would have been obviated by having the clerk hand the sheriff a warrant of arrest. We think the action of the court in proceeding without this was at most but an irregularity, and not such a defect as would render the proceedings void.

*Relator remanded.*