ZALVA W. CHASE *v.* C. A. WATSON, ELGIN BILLS and WEB-
STER CATE.

January Term, 1903.

Present: TYLER, MUNSON, START, STAFFORD and HASELTON, JJ.

Opinion filed August 3, 1903.

*Discretion—Amendment—Continuance—Depositions—
Evidence—Certified execution.*

The allowance of an amendment to the pleadings and the decision on a
motion for a continuance therefor, are matters within the discre-
tion of the trial Court, and will be reviewed only for an abuse of
such discretion.

A deposition, taken under a citation which does not contain the name
of the magistrate before whom it is to be taken, is inadmissible.

In an action for an assult, in which the defendant justifies the acts
complained of as done in the removal of obstructions from a high-
way under directions of the selectmen, a petition for a re-survey
of the highway, and the survey made thereunder, are admissible
on the question of malice, though unaccompanied with evidence of
the existence of a legal highway.

In removing obstructions from a highway, the selectmen may use as
much force as is reasonably necessary therefor.

There being nothing to show that the evidence did not call for the in-
struction excepted to, error does not appear.

When no facts are found and placed upon the record from which it
can be seen that a certificate ought to have been granted, it can-
not be said that it was error to refuse to do so.


TRESPASS FOR ASSAULT. Plea, the general issue, with no-
tice of special matter. Trial by jury at the March Term, 1901,
Washington County, *Watson,* J., presiding. Verdict, guilty
against defendants Watson and Bills, and not guilty as to de-
fendant Cate. Judgment on verdict. Motion for certificate
overruled. The plaintiff excepted.

*T. J. Deavitt* and *Edward H. Deavitt* for the plaintiff.

It was error to allow the defendants to amend their pleading by bringing on to the record two entirely new defenses. The whole scope of the defense was changed. It was the duty of the Court to grant the plaintiff's motion for continuance. 4 Enc. Pl. & Pr. 863, 902; *Garrett* v. *Carlton,* 65 Miss. 188; *Wiatt* v. *Harden,* Hempst. (U. S.) 17; *Danley* v. *Scandon,* 116 Ind. 8; *Sapp* v. *Aiken,* 68 Ia. 699; *Jennings* v. *Sheldon,* 53 Mich. 431; *State* v. *Arnold,* 50 Vt. 731.

The depositions were admissible, though the name of the magistrate was not given. *Barker* v. *Bennett,* 58 Vt. 476.

The petition and survey were inadmissible, without evidence showing the existence of a highway. If the selectmen had not complied with the law concerning the establishment of highways, one of them could not justify an assault by putting in evidence a town record which shows an absence of legal procedure.

It was error for the Court to charge that the selectmen had a right to forcibly remove the obstructions from the highway. The selectmen have no right to take the law into their own hands. They should proceed under V. S. 3508, 3509.

The plaintiff was entitled to a certificate against Watson and Bills. Though the granting or refusing such certificate is generally a matter of discretion, here the jury must have found that the action of these defendants was wilful and malicious, otherwise there could have been no verdict against them under the charge of the Court.

*J. P. Lamson* for the defendants.

The records were admissible for the purpose of showing that the defendants acted without malice.

Chapter 154 of Vermont Statutes makes it the duty of the selectmen to remove obstructions from the highway. They may use as much force as may be necessary.

It was within the discretion of the Court to allow the amendments to the pleadings and to refuse a continuance.

The depositions were inadmissible, because the citation did not state the official character of the magistrate. *St. Johnsbury* v. *Goodenough,* 44 Vt. 662.

The motion for a certificate was properly denied. 54 Vt. 517.

START, J.   It was within the discretion of the Court below to allow an amendment of the defendants' notice of special matters in defense, and, it not appearing that there was an abuse of that discretion, error does not appear. V. S. 1148; *Bent* v. *Bent,* 43 Vt. 42. For a like reason, error does not appear in the denial of the plaintiff's motion for a continuance of the cause.

The citation to appear at the taking of the depositions of Mr. and Mrs. Boardman did not contain the name of the magistrate before whom they were to be taken, as is required by V. S. 1264; and for this reason, the depositions were properly excluded. *St. Johnsbury* v. *Goodenough,* 44 Vt. 663.

The record of a petition for a re-survey of the road, and of a survey made by the selectmen, before the time of the alleged assault, was properly received in evidence upon the question of malice, notwithstanding the record was not accompanied by evidence showing the existence of a pent road which could be re-surveyed. The record was not received for the purpose of showing that the road was legally laid out and established, but for the purpose of showing a situation that might justify the jury in finding that the defendants acted

without malice in driving upon the land for the purpose of clearing the road of obstructions. A re-survey of a highway is authorized by V. S. 3294, only when the highway has previously been laid out and surveyed, and the survey has not been properly recorded, or the record preserved, or its terminations and boundaries cannot be determined. Therefore, the fact that a re-survey had been made, which could not have been lawfully made without first ascertaining that a highway had been previously laid out and surveyed, if known to the defendants, had a bearing upon the question of their good faith, and might rightfully affect the question of exemplary damages. The Court instructed the jury that if they found that the public had acquired by prescription the right to use the *locus in quo* as a pent road, the plaintiff would have no right to obstruct the passage of the public by putting wagons across the pent road, or otherwise; and, if he did thus obstruct the way, the selectmen of the town had a right to remove such obstructions, and, if the plaintiff undertook to prevent their removal, they would have a right to prevent his doing so, using no more force than was reasonably necessary under the circumstances. In this there was no error. It is the duty of selectmen to remove obstructions from the highway, and in doing so they may use such force as is reasonably necessary for that purpose. V. S. 3508, 3509, 3510.

The plaintiff excepted to the charge of the Court upon the subject of a settlement with one Foster. The evidence is not referred to, and there is nothing before us from which we can say that the evidence did not call for the instruction given. Therefore error does not appear.

The plaintiff's exception to the refusal of the Court to grant a close jail execution is not sustained. No facts are found and placed upon the record from which we can say, as

a matter of law, that a certificate ought to have been granted. Without such facts, we cannot say that the refusal to grant the certificate was error. *Styles* v. *Shanks,* 46 Vt. 612.

*Judgment affirmed.*

