IN RE E. G. McALLISTER.

January Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.·

Opinion filed January 21, 1924.

*Habeas Corpus Not Available to Test Mere Irregularities in Trial—Nature of Trial on Question of Whether Probationer Has Violated Terms of Probation—G. L. 7305—"Summarily."*

1. On *habeas corpus* by a probationer committed to the House of Correction on his original sentence for having violated the terms of his probation that he should not use or keep any intoxicating liquor on his premises, if the court had jurisdiction of the subject-matter and of the person of the relator, and rendered such judgment or made such an order as, in certain circumstances, it would be authorized to render ,or make in cases of that class, such proceeedings will stand the test of the writ, however informal and irregular may have been the proceedings to determine whether the relator had violated the conditions of his probation; and the question of whether he knew of the presence of liquor on his premises will not be inquired into.

2.  Under G. L. 7305, the proceedings prescribed by the Legislature for determining whether a probationer has violated the conditions of his probation are summary, such statute providing that the tribunal having jurisdiction "shall inquire summarily" into the conduct of the probationer, which means that such inquiry shall be speedy and informal, unhampered by the procedure incident to a common law trial.

PETITION to the Supreme Court of Windsor County by E. G. McAllister for a writ of *habeas corpus* to secure his discharge from the House of Correction. The opinion states the case. *Petition dismissed.*

*Robert E. Susena* for the relator.

*Glenn C. Howland,* State's attorney for the State.

SLACK, J.   The relator was convicted by the Hartford municipal court, on August 5, 1922, of possessing intoxicating liquor in violation of the laws of this State, and was thereupon sentenced to be confined in the House of Correction for the term of not less than six months nor more than one year; the sentence was suspended and he was placed in the care and custody of the State probation officer upon certain conditions, one of which was that he should not use or keep on the premises occupied by him, any intoxicating liquor. On December 22, 1923, the sheriff of Windsor county searched the relator's premises and there found a quantity of intoxicating liquor. Two days later, the relator was arrested and taken before the court wherein he was convicted as above stated, on the charge of having violated the conditions of his probation, and after hearing thereon, the court adjudged that he had violated the conditions of his probation, and ordered that he be committed on the original sentence, and, thereupon, issued the mittimus upon which he was committed to the House of Correction, and is there detained at the present time.

[1]   This petition for a writ of *habeas corpus* is brought to secure the relator's release from that commitment, and is based solely upon the ground that he had no knowledge that the intoxicating liquor found on his premises on December 22, 1923,

was there, and the further ground claimed in oral argument, that he did not have a legal trial on the question of whether he had violated the conditions of his probation, because of certain claimed irregularities in that trial. That he is not entitled to the relief sought, on either ground, is too obvious to justify an extended discussion. Whether he knew of the presence of the liquor on his premises will not be inquired into in these proceedings; and however informal and irregular the proceedings to determine whether he had violated the conditions of his probation may have been, if the court had jurisdiction of the subject-matter and of the person of the relator, and rendered such a judgment or made such an order as, in certain circumstances, it would be authorized to render or make in cases of that class, all of which facts are virtually conceded, such proceedings will stand the test of the writ. *In re Hook,* 95 Vt. 497, 115 Atl. 730; *In re Turner,* 92 Vt. 210, 102 Atl. 943; *In re Fitton,* 68 Vt. 297, 35 Atl. 319; *Re Charles Harris,* 68 Vt. 243, 35 Atl. 55.

[2] Moreover, the proceedings prescribed by the Legislature for determining whether a probationer has violated the conditions of his probation are summary. G. L. 7305 provides that the tribunal having jurisdiction "shall inquire summarily" into the conduct of the probationer, etc. This means that such inquiry shall be speedy and informal, unhampered by the procedure incident to a common law trial. And nothing has been called to our attention that indicates that the hearing accorded the relator fell short of what the statute contemplates.

*It is adjudged that the relator is not illegally deprived of his liberty and he is remanded to the House of Correction whence he was taken, and his petition is dismissed.*