IN RE HERBERT D. THOMPSON.

October Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 7, 1939.

*George R. McKee* for the relator.

*Theriault & Hunt* for the execution creditor.

10

STURTEVANT, J. The relator, Herbert D. Thompson, brings to this Court his petition for a writ of *habeas corpus*. The material allegations of this petition are in substance as follows: On August 8, 1939, an action entitled Swift & Co. v. Herbert D. Thompson was pending in Barre Municipal Court. In this action the law firm of Theriault & Hunt of Montpelier appeared for the plaintiff and Attorney Reginald T. Abare of Barre appeared for the defendant. On August 8, 1939, by agreement of counsel and without hearing on the merits judgment was entered for the plaintiff in the sum of $100 damages plus costs of $7.85 making total amount of judgment $107.85. At the time of entering said judgment, the court, also without hearing, adjudged "that the cause of action arose from the willful and malicious act of the defendant and that he ought to be confined in close jail." A certified execution was issued upon this judgment. Relator alleges that by authority of the close jail certificate upon this judgment he was committed into the custody of Henry C. Lawson, keeper of Washington County jail, said Lawson also being the sheriff of Washington County. Relator also alleges that he was so in custody at the time of the bringing of this petition.

The return of Henry C. Lawson shows that he is sheriff of Washington County and keeper of Washington County jail and, at the time of making the return, had the relator in custody by authority of a body execution with a close jail certificate indorsed thereon issued by the Barre Municipal Court August 8, 1939.

The relator also alleges that on January 18, 1939, he was adjudged a bankrupt and that the aforementioned suit at law was instituted and judgment rendered thereon during the pendency of said bankruptcy proceedings. Relator received his discharge in said bankruptcy proceedings September 23, 1939. He contends that although said bankruptcy, through accident or mistake, was not suggested or pleaded as a defense in said law action, nevertheless said bankruptcy was a bar to said claim of Swift & Co.

Whatever may be the merit, if any, of relator's claim as to the effect of the aforementioned bankruptcy proceedings as a bar to the claim upon which the judgment was rendered in said law action, it is obvious that upon that ground he is not entitled to relief in these proceedings. No question is made but that the court rendering the judgment in question had juris-

diction of the subject-matter and the parties and rendered such judgment and made such an order and adjudication as, in certain circumstances, it would be authorized to render or make in cases of this class. Therefore, the proceedings in the Barre Municipal Court will stand the test of this writ concerning the questions which relator attempts to raise concerning his bankruptcy proceedings. *In re E. G. McAllister*, 97 Vt. 359, 361, 123 Atl. 207, and cases there cited.

It is well settled that the writ of *habeas corpus* cannot be given the effect of a writ for the correction of errors or irregularities. *In re Fitton*, 68 Vt. 297, 300, 35 Atl. 319.

This Court has held that to entitle a relator to discharge in *habeas corpus* proceedings the process in question must be void and not merely erroneous. *In re Fitton, supra*, at 300; *In re Greenough*, 31 Vt. 279, 285.

Questions raised concerning the close jail certificate indorsed upon the execution in question stand in a different class than the questions concerning relator's bankruptcy hereinbefore disposed of. This proceeding reaches the former by force of the statute P. L. sec. 2227, which is as follows:

> "Habeas Corpus. A prisoner confined in a jail upon execution which has in or upon the same either of the certificates described in the proceeding sections, may, by a writ of habeas corpus, be brought before the supreme court, or a justice thereof, or a superior judge, or the county court in the county in which he is confined; and, if it appears that the certificate indorsed in or upon such execution was erroneously or improperly made, such court or magistrate may vacate the same, and such prisoner shall thereafter have the same privileges as though such certificate had not been made."

Relator contends that the certificate indorsed upon the execution in question was erroneously and improperly made.

P. L. sec. 2196, by authority of which the close jail certificate was indorsed upon the execution in question, is as follows:

> "In an action for the recovery of money or property held in trust or in a fiduciary capacity, if it

> appears to the court that a defendant intentionally converted such money or other property to his use, or misapplied the same, or the use thereof, it shall adjudge that the cause of action arose from the willful and malicious act or neglect of such defendant and that he ought to be confined in close jail, and issue execution against his body, with a certificate thereof, stated in or upon such execution; and such execution, with such statement or indorsement, shall have the same effect as an execution issued on a judgment founded on a tort, with a like statement or indorsement.''

Swift & Co., plaintiff in the above mentioned suit, appears here by its attorneys, Theriault & Hunt, and opposes the granting of relator's petition upon the following grounds:

1. The execution here involved was issued from the Barre Municipal Court on a judgment obtained in a process to recover moneys held by the defendant in a fiduciary capacity, an affidavit having been filed with the magistrate before the writ issued.

2. Specifications were filed by plaintiff in said action, which specifications are in words and figures as follows:

> ''Now comes the plaintiff by its attorneys, Theriault & Hunt, and files the following specifications of its claim in the above entitled cause:
>
> ''On February 10, 1937 the plaintiff shipped by truck, via 'H. C. Barton Motor Transportation', from Jersey City, New Jersey, consigned to its plants at Rutland and Burlington, Vermont, a certain quantity of oleomargarine and lard substitute in fiber boxes, of great value, to wit, of the value of Four Hundred Forty and 05/100 Dollars ($440.05). The defendant was the driver of the truck transporting said merchandise as aforesaid. At Hudson Falls, New York, the said truck transporting said merchandise and driven by the defendant was overturned and the said oleomargarine and lard substitute property was damaged so that it became of salvage value only to the plaintiff; that the defendant shortly afterwards sold said oleomargarine and lard substitute to one Mr. Fayette of the Vermont Fruit & Grocery Company of Burl-

ington, Vermont, who paid the defendant therefor the sum of One Hundred Seventy-five and no/100 Dollars ($175.00) which said money of the plaintiff, the plaintiff has frequently demanded of the defendant but the defendant has neglected and refused to pay said money to the plaintiff but has converted said money to his own use and used it for his own purposes.

"In this action plaintiff seeks to recover said One Hundred Seventy-five and no/100 Dollars ($175.00) from the defendant with interest thereon from February, 1937.

"Dated at Montpelier, Vermont, March 15, 1939."

■ The creditor contends that since judgment was entered for plaintiff by agreement of counsel, consent to the entry of such judgment should be construed to be a confession of the truth of the statements contained in the plaintiff's specifications as hereinbefore set forth, and that therefore the court was warranted in finding the facts to be as stated in the specifications.

■ This contention cannot be sustained. The specifications were simply a statement of the plaintiff's claim. They were no part of plaintiff's declaration in respect to subsequent pleadings and could not be pleaded to by defendant. *Currier* v. *King,* 81 Vt. 285, 289, 69 Atl. 873; *Aseltine* v. *Perry,* 75 Vt. 208, 54 Atl. 190; *New York Central Railroad Company* v. *Clark and Trustee,* 92 Vt. 375, 377, 104 Atl. 343.

■ ■ Before the court could "adjudge" that the cause of action arose from the wilful and malicious act of the defendant, it was necessary that it should first find that the defendant intentionally converted the money he received for the merchandise to his use or diverted or misapplied the same. Before such facts could be found by the court, there must have been facts or circumstances properly before the court for its consideration warranting such finding. When such finding is properly made, in cases of this class, then it is the duty of the court to "adjudge" as provided in the statute. This adjudication is not discretionary. *Lyon* v. *Prescott,* 103 Vt. 442, 447, 156 Atl. 679; *Styles* v. *Shanks,* 46 Vt. 612, 617; *Haskell, Gdn.,* v. *Jewell,* 59 Vt. 91, 95, 7 Atl. 545.

14

Since there was nothing before the court warranting a finding that the defendant converted said money to his own use or diverted or misapplied the same, the court was without authority to "adjudge" that the cause of action arose from the wilful and malicious act or neglect of the defendant and that he ought to be confined in close jail. It follows that this statement indorsed upon the execution we are considering, which statement is commonly referred to as a close jail certificate, was both erroneously and improperly made and therefore must be vacated. See cases last above cited; also P. L. sec. 2227.

The creditor contends that the action brought against the relator in the court below was for money received by relator in a fiduciary capacity; that an affidavit was filed with the court before the writ in that case was issued and that such affidavit was sufficient authority to warrant the issuing of the close jail certificate in question. Relator contends that upon the vacating of this certificate, he, relator, is entitled to be discharged from custody.

In considering these questions we should have in mind just what is meant by the term "body execution" and what is meant by the term "close jail execution" and how the two differ from each other. A body execution is an execution which directs that, in accordance with the provisions therein set forth, the body of the defendant therein named be committed to jail. A close jail execution is a body execution which has indorsed in or upon it the statement that "the cause of action arose from the wilful and malicious act or neglect of the defendant and the defendant ought to be confined in close jail." Each of these executions runs against the body of the defendant therein named and directs that he be committed to jail and the manner of his commitment is the same under each of them. It follows that when the close jail certificate on a close jail execution is vacated there remains a body execution. Such execution still directs that the body of the defendant therein named be committed to jail.

The function of a close jail certificate upon an execution is by authority of certain provisions of our statutes, as follows:

P. L. sec. 2192. "Every person, except as hereinafter provided, imprisoned in jail on mesne proc-

ess, or execution on a judgment rendered in a civil cause, shall be admitted to the liberties of the jail yard, upon giving a bond to the keeper of such jail, with one or more sufficient sureties, in such sum as such keeper directs, conditioned that he will not escape from such jail yard.''

P. L. sec. 2195. ''A person shall not be admitted to the liberties of the jail yard, who is committed on execution upon a judgment rendered in an action founded on a tort, when the court, at the time of such judgment, adjudges that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that the defendant ought to be confined in close jail, and a certificate thereof is stated in or upon such execution.''

See P. L. sec. 2196 *supra.*

P. L. sec. 2208. ''A poor person imprisoned on an execution issued in a judgment in a civil cause, except actions founded on a tort or for the recovery of money or property held in trust or in a fiduciary capacity, when the court, at the time of rendering the judgment, adjudges that the cause of action arose from the wilful and malicious act or neglect of the defendant, and a minute thereof is made in or upon such execution by the authority issuing the same, may be discharged from imprisonment on taking the poor debtor's oath.''

It appears from the above quoted statutes that while a person in jail on a body execution may apply to be admitted to the liberties of the jail yard or for the privilege of taking the poor debtor's oath, one in jail on a close jail execution is not entitled to make either of these applications while the close jail certificate is in force. Such is the function and force of the close jail certificate when indorsed upon a body execution.

In considering creditor's contention as to the affidavit which was filed in the court below before the writ in the case in question was issued we should notice the provisions of another statute as follows:

P. L. sec. 2178. ''When the plaintiff praying out a writ files with the magistrate issuing the same an

16

affidavit stating that the defendant is the receiver of money of the plaintiff in a fiduciary capacity, which he has not paid on demand, and that such action is instituted to recover the same, such writ may issue against and be served upon the body of the defendant. When judgment is recovered in an action for moneys received by the defendant in a fiduciary capacity, and the court at the time of its rendition so adjudges, execution may issue against and be served on the body of the defendant.''

We have seen that the close jail execution which we are considering was not issued by authority of that statute but under authority of P. L. sec. 2196 as the lower court construed that section. The section last above quoted makes no provision for the granting of a close jail certificate and therefore none can be issued thereunder. P. L. sec. 2196 makes no provision as to the filing of an affidavit and none is required to render a judgment and issue a close jail certificate under same. The procedure in one of these sections is separate and distinct from that provided for in the other. The affidavit mentioned in sec. 2178 is not material when proceeding under sec. 2196.

Therefore it is adjudged that:

*The close jail certificate indorsed upon the execution issued by the Barre Municipal Court on August 8, 1939, upon a judgment rendered by said court August 7, 1939, in the case entitled Swift & Co. v. Herbert D. Thompson, said case being number 9129 in said court, is vacated.*

*It is further adjudged that the relator, Herbert D. Thompson, is not illegally deprived of his liberty and he is remanded into the custody of the keeper of Washington County jail whence he was taken and his petition is dismissed.*