## In re William Thayer.

January Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson and Start, JJ.

*Habeas Corpus—Description of Offense in Mittimus.*

The relator was committed upon a mittimus which described the offense as "owning, keeping and possessing intoxicating liquor with intent to sell the same contrary to law," but did not show that the conviction was a second conviction and for a first the sentence would have been excessive. *Held*, that the mittimus complied with the statute which required it to contain a description of the offense; but if not, that the relator should not be released, the judgment and sentence being legal.

Habeas Corpus to the Supreme Court for the County of Bennington.

The mittimus recited that the relator had been duly convicted of the crime of owning, keeping and possessing intoxicating liquor with intent to sell the same contrary to law.

*Clarence P. Niles* for the relator.

*Edward A. Bates*, State's Attorney, for the State.

TYLER, J.  The writ is granted upon the allegation in the petition therefor that the relator is imprisoned without authority of law as appears by the mittimus upon which he was committed.  It is apparent that the sentence was excessive upon a first conviction for keeping intoxicating liquor with intent to sell the same in violation of law, and it does not appear from the description of the offense in the mittimus that it was a second conviction.

Form 55 V. S. provides for a description of the offense in the mittimus when the sentence is imprisonment in the House of Correction and fine, but it does not prescribe with what particularity the offense shall be described.

As the mittimus is only the warrant of authority to the officer to make the commitment and to the superintendent of the House of Correction to confine the prisoner, it would seem that a general description of the crime is all that the statute contemplates.  In the form of mittimus for commitment to the Industrial School the direction is to "set forth the nature of the crime."  It was held *In re Durant*, 60 Vt. 176, that a warrant issued upon an indictment need not describe the crime with particularity.  In this case the crime is the same in essence whether it be upon a first or a subsequent conviction, but upon subsequent convictions the penalty is more severe than upon the first. Therefore we hold that the mittimus contains a sufficient description of the offense to answer the purpose for which it was issued.

But it would not avail the relator if the description were insufficient or incorrect.  A good mittimus may be substituted at any time in place of a defective one, even after the issue of a writ of *habeas corpus*, and the relator would not be entitled to discharge.  This is held in *Kelley* v. *Thomas*, 15 Gray 192, and in *People* v. *Baker*, 89 N. Y.

461. In the latter case it is said that if the prisoner has been properly and legally sentenced to prison he cannot be released because of a defective mittimus; that when he is safely in the proper custody there is no further office for the mittimus to perform; that he is not detained by virtue of the mittimus, but by virtue of the judgment, a certified copy of the record of which can always be shown in justification of the detention.

It has also been held that a certified copy of the record of a sentence to imprisonment is sufficient to authorize the detention of the prisoner without any warrant or mittimus. *Ex parte Wilson*, 114 U. S. 417; *People* v. *Nevins*, 1 Hill 154; *People* v. *McEwen*, 67 How. Pr. R. 105. See Church on *Habeas Corpus*, § 375, where this subject is discussed and the authorities collected; 9 Am. & Eng. Ency. 161. Church further says that if the certified copy of the minutes of the court, or certified copy of the judgment furnished to the keeper, is erroneous, or imperfectly describes the crime of which the prisoner was convicted, the keeper can, upon the return to a writ of *habeas corpus*, show by the records of the court what the precise crime was, and thereby that the sentence was valid and the imprisonment authorized. But it is not necessary to go to that extent in disposing of the case before us, for here the crime is sufficiently described in the mittimus, and if it were not, the certified copy of the judgment and sentence shows that the imprisonment is legal.

> *Judgment that the relator is not unlawfully restrained, that he be remanded to the former custody, and that the petition be dismissed.*