## ·IN RE ANDREW ROGERS.

May Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed June 4, 1903.

*Intoxication—Alternative sentence—Costs—Defective mittimus.*

The alternative sentence for the non-payment of a fine imposed upon a conviction for a second offense of intoxication is imprisonment in the House of Correction.

A person convicted of a second offense of intoxication may be sentenced to pay costs.

A person will not be released because of a defective mittimus, but will ·be remanded that a new one may issue.

PETITION for writ of *Habeas Corpus.* The petition was made returnable before *Stafford,* J., and by agreement of counsel was adjourned into the May Term, 1903, of Supreme Court.

*Heaton & Thomas* for the relator.

The mittimus does not properly describe the crime. V. S. 5417, F. 54; *In re McLaughlin,* 58 Vt. 136; *State* v. *Austin,* 62 Vt. 291.

It was not lawful for the Court to impose a fine with costs. No. 90, Acts of 1902, s. 97. V. S. 1864 does not apply.

The alternative sentence for a second offense of intoxication is imprisonment in the county jail for thirty days. Acts of 1902, *supra;* 21 Ency. Law, 936.

*Frank A. Bailey,* State's Attorney, and *Burton Bailey* for the State.

The defect in the mittimus is not reviewable in these proceedings.    2 Spell. Ex. Rem., s. 1219; 151 U. S. 396.

Costs follow in criminal cases unless otherwise ordered by Court.    V. S. 1864.

The alternative sentence is to the House of Correction. V. S. 5206.

TYLER, J.    This is a petition for a writ of *habeas corpus*, alleging that the relator is unlawfully imprisoned and restrained of his liberty in the county jail in the city of Montpelier, by the city sheriff, by virtue of a certain mittimus that was issued by the City Court.

The relator bases his petition upon three grounds: 1st, that the alternative sentence should have been confinement in the county jail for thirty days, whereas the sentence was confinement in the House of Correction for as many days as thrice the number of dollars to be paid by the sentence; 2nd, that the sentence was unlawful in imposing the payment of costs in addition to the fine of fifteen dollars, as fixed by the statute; 3rd, that the mittimus was defective in not describing the crime for which the respondent was committed.

1.    Section 97, No. 90, Acts of 1902, reads: "A person who is found intoxicated shall, upon conviction of a first offense, pay a fine of five dollars with costs of prosecution, with an alternative sentence of imprisonment in the county jail for not less than ten nor more than twenty days, and for each subsequent conviction, he shall be fined fifteen dollars or be imprisoned in the county jail thirty days, or both.    *    *    * "

Section 5206, Vermont Statutes, requires that when a Court sentences a person, over sixteen years of age, if a man, or over fifteen, if a woman, to pay a fine, or a fine and costs, it shall further order that, if the sentence is not complied with within twenty-four hours, he shall be imprisoned in the House

of Correction for the term above stated. This section was not repealed by the Act of 1902, and being in force, the alternative sentence imposed in this case was correct.

2.   There is no conceivable reason why the Legislature should have intended that every person convicted of a first offense under section 97 should pay a fine and costs, and that costs should in no case be imposed upon a conviction of a second offense; therefore, we must either read into the section the words "with costs of prosecution" after "fifteen dollars," or conclude that the Legislature intended to leave the imposition of costs to the trial Courts under V. S. 1864, which gives those Courts discretionary power, in all criminal cases tried by them, to impose fines either with or without costs. The latter must be adopted as the more reasonable view, and in accordance with it the sentence of the city Court was warranted.

3.   We hold that the mittimus is defective in not describing a criminal offense. It merely recites that the respondent had been "duly convicted of the crime of a second offense of intoxication." It is an essential element of this offense that the person complained of was "found" intoxicated. A complaint that alleged that a person "became and was intoxicated" was held bad on demurrer. *State* v. *Austin,.* 62 Vt. 291, 19 Atl. 117.

But the relator is not entitled to a release because the mittimus was defective. It is the right and duty of the city Court to issue a new mittimus to carry the alternative sentence into effect. The judgment and all the proceedings being regular, the ends of justice ought not to be defeated by reason of a defect in the mittimus. It was held in *Re William Thayer,* 69 Vt. 314, 37 Atl. 1042, that a good mittimus may be substituted at any time in place of a defective one, even after the issue of a writ of *habeas corpus.*

*Judgment that the relator is not unlawfully restrained of his liberty, that he be remanded to the former custody so that a new mittimus may issue, and that the petition be dismissed..*