# In re Frank Moses

[163 A.2d 868]

May Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 6, 1960

*Black & Plante* and *Frederick J. Glover* for the petitioner.

*Thomas M. Debevoise,* Attorney General, and *Robert A. Magoon,* State's Attorney for Lamoille County, for the State of Vermont.

**Shangraw, J.** The petitioner brought his petition for a writ of habeas corpus before the Windsor County Court. The petitioner alleges that Frank Moses, a minor, is imprisoned and unlawfully restrained of his liberty in the House of Correction in Windsor, Vermont by virtue of a mittimus issued by the Lamoille Municipal Court on the 17th day of February, 1959. The case was heard by the court, findings of fact made, and it was adjudged by the court that Frank Moses was not illegally deprived of his liberty and the petition was dismissed. The case is here on the appeal of the petitioner to the action of the trial court in dismissing the petition.

We summarize the findings of fact as follows: In the year 1955 Frank Moses was before the Rutland Municipal Court charged with the crime of breaking and entering. At that time he was furnished counsel at the expense of the State of Vermont, entered a plea of guilty to the charge, and was committed to the Weeks School. On March 21, 1958 he was transferred from the Weeks School to the House of Correction in Windsor, Vermont, and subsequently released in the month of July, 1958.

On January 5, 1959 he was arraigned before the Lamoille Municipal Court on a charge of breaking and entering. At that time neither of his parents were present nor was he represented by counsel. After reading the complaint to the respondent he was given the following explanation by the judge of the Lamoille Municipal Court.

> "Judge: You are charged with breaking and entering in the nighttime. Where are your parents?
>
> Respondent: My father went to the hospital this morning.
>
> Judge: This is an arraignment and you have a choice of pleading guilty or not guilty, if you plead not guilty, bail will be fixed, you should provide yourself with an attorney and have him forthwith enter his appearance with the Court. If you are financially unable to pay for the services of an

attorney and so certify to the Court then, the Court will assign Counsel for you, at the expense of the State. How do you plea?

Respondent: Guilty."

The respondent was released on his own recognizance, a pre-sentence investigation was made, and on the 30th day of January, 1959 he was sentenced to the House of Correction for the term of 18 to 24 months, which sentence was suspended and he was placed on probation.

On February 14, 1959 Frank Moses was again arrested and charged with the crime of breaking and entering. Prior to the arrest, and at the respondent's request, the police chief of the Village of Morrisville went to the house where respondent's father lived and upon that occasion was shown a pistol by Frank who said he had taken it from a store in the Village of Morrisville. His father, Homer Moses, the petitioner, was present when Frank was arrested. On February 16, 1959, only 42 days after the arraignment of January 5, 1959, Frank was arraigned on this complaint in the Lamoille Municipal Court, and after reading the complaint the Judge stated:

"You are charged with burglary, how do you plea? You understand that this is an arraignment and you plead guilty or not guilty, if you plead not guilty you may obtain Counsel and have him enter his appearance with this Court."

Presumably both the respondent and the judge must have had in mind the judge's explanation of January 5, 1959 as to respondent's right to counsel, if he so desired. Respondent pleaded guilty and was remanded to the county jail. He was 19 years of age at the time. On the 17th day of February 1959, he again appeared before the court and was sentenced to serve $2\frac{1}{2}$ to 4 years in the House of Correction. On the same day he was adjudged guilty of a violation of the terms of probation imposed at time of the sentence of January 30, 1959 and ordered to serve the original sentence of 18 to 24 months in the House of Correction. The sentence of January 30, 1959 and that of February 17, 1959 were ordered to run concurrently. At no time was a guardian ad litem or counsel appointed to represent him, nor did either of his parents appear in court. The respondent did

not request that counsel be appointed to represent him, nor did he request the opportunity to have counsel present prior to entering a plea of guilty in either case, despite the remarks of the judge.

This petition is addressed to the sentence imposed by the court on February 17, 1959 on the charge of breaking and entering. The court was unable to find that Frank lacked the requisite mental ability to understand the explanation given to him on February 16, 1959, or to comprehend the meaning of a plea of guilty. The court, on the contrary, found that Frank appeared to be of average intelligence and that the plea of guilty entered on February 16, 1959 was made freely and understandingly. Also, that by pleading guilty he did so knowingly, intentionally, and waived any right he may have had to be represented by counsel.

From the allegations contained in the petition, and the claims made in the petitioner's brief it is clear that he bases his claim of unlawful commitment in the House of Correction upon the following grounds: (1) that it was the duty of the Lamoille Municipal Court to appoint a guardian ad litem to represent Frank, he then and there being a minor charged with a felony; (2) that the court's failure to appoint counsel for the respondent, he being a minor charged with a felony, constituted a failure of due process; and (3) that the respondent did not waive any right he may have had to be represented by counsel, or to enter a plea of not guilty.

It is well settled that a writ of habeas corpus cannot be given the effect of a writ for the correction of errors and irregularities. *In re Thompson,* 111 Vt. 7, 11, 9 A.2d 107. Such proceedings will withstand the writ if the court whose action is assailed has jurisdiction of the subject matter and the person, and renders such a judgment or makes such an order as it is authorized to render or make. *In re Turner,* 92 Vt. 210, 214, 102 A. 943; *In re Parker,* 107 Vt. 463, 468, 181 A. 106. *In re Greenough,* 116 Vt. 277, 282, 75 A.2d 569.

The petitioner's first contention is that a guardian ad litem should have been appointed to represent Frank Moses, a minor. In this state infants are generally treated as adults before the criminal bar, except in juvenile court proceedings. True it is, in civil suits generally, an infant is incapable of appearing for himself. In the recent case of *Bielawski* v. *Burke.* 121 Vt. 62. 65. 66. 147 A.2d 674.

the court first determined that a bastardy action was a civil, not a criminal proceeding, and vitiated the proceedings in the lower court because no guardian ad litem had been appointed for the defendant. Because a minor cannot be held to his contract, it does not follow that he cannot be held responsible for a crime. It would be improper to attempt to introduce into criminal law the disabilities of a minor in a civil proceeding. While the petitioner has cited early Connecticut authorities in support of his claim that a guardian ad litem should have been appointed by the court, neither the Constitution of the United States, the Vermont Constitution, the Vermont Statutes, nor Vermont case law require a court to appoint a guardian ad litem for a minor charged with a felony. We do not subscribe to the petitioner's claim on this point.

Appellant next contends that it was error for the court to permit the respondent to plead guilty without the benefit of counsel, and lastly that he did not waive any right he may have had to be represented by counsel, or to enter a plea of not guilty. This brings us to the key questions. Should a minor charged with a crime be permitted to waive his right to counsel, or must the court appoint counsel for him regardless of his wishes, expressed or implied? The petitioner claims that the respondent's lack of representation by counsel violated the due process clause of the Fourteenth Amendment of the Constitution of the United States, also Article 10 Chapter 1 of the Constitution of Vermont giving him the right to be heard by counsel, and that the right could not be waived by this respondent, a minor.

■ It is not the purpose of a habeas corpus proceeding to determine the guilt or innocence of a respondent, nor to pass upon errors in his trial. Unless there was no jurisdiction in the court, the judgment is not void and he cannot attack it collaterally by habeas corpus. *Reeves* v. *Lainson,* 234 Iowa 1034, 1035, 14 N.W.2d 625; *Johnson* v. *Zerbst,* 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. As stated in *Carpenter* v. *Lainson,* 248 Iowa 1275, 84 N.W.2d 32, 34, 71 A.L.R.2d 1151, "To fall within the concept of the Federal as well as the State Constitution, petitioner's claim must therefore sustain his claim that the denials alleged were so fatal to a fair trial that respective courts had no jurisdiction to act in the matters before them and their judgments were void." Citing *Betts* v. *Brady,* 316 U.S.

455, 62 S.Ct. 1252, 86 L.Ed. 1595; *Sewell* v. *Lainson,* 244 Iowa 555, 57 N.W.2d 556; *State* v. *Karston,* 247 Iowa 32, 72 N.W.2d 463; Sixth and Fourteenth Amendments to Federal Constitution. In this case nowhere does the appellant point out how the respondent has been prejudiced or was handicapped by reason of lack of counsel.

 The Sixth Amendment to the Federal Constitution has been held to apply to all federal cases. The failure of a state court to appoint counsel is only an element of due process to be considered in determining whether or not a respondent has been given a fair trial. The Fourteenth Amendment to the Federal Constitution does not require the appointment of counsel for indigent prisoners by state courts where such prisoners are charged with crimes less than capital. *Carpentier* v. *Lainson, supra,* citing *Betts* v. *Brady, supra,* and other cases. In *Gallegos* v. *Nebraska,* 342 U.S. 55, 72 S.Ct. 141, 147, 96 L.Ed. 86, 94, the Supreme Court of the United States said: "The Federal Constitution does not command a state to furnish defendants counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at state non-capital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice."

In *Johnson* v. *Zerbst, supra,* recognized as a leading case on the right to counsel in federal cases, an adult was permitted to plead guilty to a felony in a federal court and was sentenced on his plea. The adult was ignorant of his constitutional right to counsel. In the decision the court said: "The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his right removes the protection of the Constitution." Here the record shows, that with adequate understanding that he was entitled to be represented by counsel, the respondent waived his right so to do.

 Article 10 of Chapter 1 of the Vermont Constitution in part provides: "That in all prosecutions for criminal offenses a person hath a right to be heard by himself and his counsel; * * *." This right is a personal one and may be waived. *In re Greenough,* 116 Vt. 277,

284, 75 A.2d 569. In *Howard* v. *Village of West Randolph*, 82 Vt. 260, 262, 72 A. 1076, 1077, this Court said: "It is well settled that one may by his acts or omissions waive a constitutional right."

Again referring to *Johnson* v. *Zerbst, supra*, that case also points out that the right to counsel may be waived. It sets forth the standards for determining whether there has been a waiver of counsel in the following language at page 464: "The determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." See *Patton* v. *United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263. This method of determining whether a respondent has intelligently waived his right to counsel applies with equal force when the respondent is a minor as when he is an adult, his age being only one of the factors to be considered. Age alone is not the controlling factor. *Carpentier* v. *Lainson, supra*.

We conclude that a minor may also waive his right to counsel depending entirely on other disclosed circumstances relating to him, such as his education, mental capacity, experience, and understanding. A youthful respondent is not the same as an ignorant respondent, a feeble-minded one, or a moron. While the physical age of a respondent is a significant factor, many minors under the age of twenty-one years are far more intelligent and competent than many persons over twenty-one years of age. While we would prefer that the trial courts appoint counsel for all minors charged with serious crimes, we do not find that the law compels them to do so, if the right to counsel is intelligently waived, as here. *Uveges* v. *Pennsylvania*, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127, 131-132.

The respondent was nearly twenty years of age when he appeared in court on February 16, 1959 and sentenced the following day. He attended school for about eight years, was of average intelligence, and had experienced considerable knowledge of criminal procedure. The record discloses that he admitted taking the pistol in question and signed a statement to that effect.

A reference to the court's statements on two occasions, as set forth in this opinion, taken literally might well imply that re-

spondent's right to appointed counsel by the court was made contingent upon a plea of not guilty. A respondent who pleads guilty to an offense is as much entitled to advice of counsel as one who denies the charge. *Rice* v. *Olson,* 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 at 1369. *Uveges* v. *Pennsylvania, supra.* While the statements made by the court fell short of the desired information which might better have been supplied the respondent before his plea was accepted, the full scope and effect of the statements, coupled with respondent's prior experience in court, must be considered. The respondent was afforded the opportunity of counsel on two occasions, which was declined by him. In view of the findings to the effect that he knowingly and intelligently waived his right to be represented by counsel it cannot be said that he was misled by any shortage in the court's statements.

There is nothing in the case that would lead to the conclusion that the respondent did not understand his rights, did not comprehend his acts in waiving counsel, and did not wilfully and intelligently do so. Respondent was not denied due process of law either under the state or federal constitutions. No error appears.

*Judgment of the lower court dismissing the petition is affirmed.*