### In re Wilbur J. Rickert, Jr.

[ 203 A.2d 602 ]

Special Term, August 24, 1964

Present: **Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.**

Opinion Filed September 14, 1964

*Charles E. Gibson,* Attorney General, for the State.

*John E. Harrington* and *Richard Schmidt* for the Respondent.

**Shangraw, J.** The petitioner Wilbur J. Rickert, Jr., seeks his release from the Vermont State Prison at Windsor, Vermont by habeas corpus. The petition for the writ has been challenged by a motion to dismiss filed by the State of Vermont on behalf of Robert G. Smith, Warden of the Vermont State Prison. The grounds of the motion are three-fold; in that the petition, (a) fails to name or describe the person by whom the petitioner is being detained; (b) fails to state facts upon which the prisoner bases his allegations of unlawful restraint, and (c) that an appeal to the Vermont Supreme Court from proceedings in the Chittenden County Court is now pending.

During the September Term, 1963, of the Chittenden County Court the petitioner was convicted by a jury on three felony counts of obtaining property by false token in violation of 13 V.S.A. §2002. The prisoner was sentenced on December 12, 1963 to serve not less than two years nor more than five years on each count. It was provided that the sentences on each count were to run concurrently. The petitioner first moved in county court for a stay of execution pending his appeal from the conviction. At time of sentence the trial court, in its discretion, acting under the authority of 13 V.S.A. §7401, denied the application for a stay of execution and ordered the issuance of a mittimus for the prisoner's confinement in the State Prison in accordance with the sentence. The petitioner has since been and is now confined in the Vermont State Prison.

The present petition is the most recent of several applications by the petitioner to obtain release from confinement prior to appellate review in this Court of the judgment of conviction. By this last petition seeking a writ of habeas corpus the petitioner merely alleges

that he is confined "without law or right" and that his "imprisonment is illegal in that the judgment is not authorized by law, said judgment wilfully and flagrantly disregards Vermont State statutes and the due process clause." No facts are stated in the petition in support of these conclusionary contentions.

The motion to dismiss challenges the sufficiency of the petition by stating that it fails to name or describe the person by whom the petitioner is being detained. It is the well acknowledged practice that such a petition should show the place of imprisonment, the persons who exercise the restraint, naming them if they are known, or describing them if they are not known. 25 Am. Jur. Habeas Corpus, §125, page 236. It is equally true that such a petition, by a person in restraint, should not be held to the intricacies and pitfalls of strict practice and procedure, or be scrutinized with technical nicety. 39 C.J.S. Habeas Corpus, §80 (c), page 626; *Holiday* v. *Johnston,* 313 U.S. 342, 350. Here the petitioner sets forth his confinement in the State Prison, at Windsor, Vermont. In the jurat signed by Daniel E. Kesman, as judge of the Windsor Municipal Court, Robert G. Smith is described as the Warden of the Vermont State Prison by whom the petitioner is now held in custody. We deem this sufficient. On this point the motion to dismiss fails.

By the motion to dismiss it is claimed that the petition is insufficient for its failure to state facts upon which the prisoner bases his allegations of unlawful restraint. On this point we refer to 12 V.S.A. §3955 which in part provides: "The facts set forth in the complaint shall be verified by the oath of the person making the application or by that of some credible witness."

As previously stated the petition merely sets forth conclusions of illegal restraint, without a statement of facts relied upon in support thereof. As a general rule; conclusions of law are insufficient and facts must be recited to support the conclusions of law. 39 C.J.S., *supra,* §80. The petitioner should plead what he relies on. Facts, as distinguished from mere conclusions, should be stated. Thus a general allegation that petitioner is imprisoned and restrained without due process of law, without a statement of specific facts in support of the legal conclusions; is insufficient. 39 C.J.S., *supra,* §80(c); pages 625-7. The petition should set forth such facts as to make a prima facie case for relief. 25 Am. Jur., *supra,* §131, page 238.

·By reference to the case of *In Re Turner*, 92 Vt. 210, 212, 102 Atl. 943, we find this language, "The Constitution of this State makes the writ of habeas corpus a writ issuable of right. Con. Ch. 2, §33. We have no statute regulating successive applications for the writ. The beneficient purpose of the writ is to provide a summary proceeding to determine the lawfulness of one's imprisonment or restraint." 12 V.S.A. §3956 provides that upon presentation of a complaint for a writ that "without delay, such court or magistrate shall award and issue a writ of habeas corpus, which shall be made returnable forthwith." · It is our opinion that the foregoing presupposes that a proper complaint or petition has been presented supplying the facts relied upon.

· ·As stated in 25 Am. Jur., *supra*, §131, "While habeas corpus is a writ of right, it will not issue as a matter of course or as a mere perfunctory operation upon the filing of ·the petition; judicial discretion is exercised in its issuance, and such facts must be made to appear to the· judge to. whom the petition is presented as, in ·his judgment, prima facie, entitled the petitioner to the writ." This view is consistent with 12.V.S.A., Chapter 143, and more particularly in harmony with section 3955 thereof. This section provides that "facts set forth in the complaint shall be verified."

· The prisoner has attached to his petition· a brief and statement of the case setting· forth facts ·relied .upon. During the hearing of this petition by this Court, at which time the petitioner was personally present, and also represented' by counsel, it .was conceded that all .claims of error can. be presented· to· this Court on petitioner's appeal from the conviction, with the possible exception of the denial of the stay of execution.

The normal and customary method of correcting errors of a trial is by appeal. The general rule is that the writ of habeas corpus will not be allowed to do service for an appeal. 39 C.J.S. Habeas Corpus, §§7-8, pages 437-9; *Adams* v. *United States, ex rel. McCann*, 317 U.S. 269, 274-275. It is well settled that a writ of habeas corpus cannot be given the effect of a writ for the correction of errors and irregularities. *In re Thompson*, 111 Vt. 7, 11, 9 A.2d 107; *In re Frank Moses*, 122 Vt. 36, 39, 163 A.2d 868.

The petitioner seeks the intervention by this Court at this time on the grounds that exceptional circumstances are present. notwithstanding the appeal. As stated by Chief Justice .Hughes ·in

*Bowen* v. *Johnston,* 306 U.S. 19, 27, the rule which requires resort to appellate procedure for the correction of error "is not one defining power but one which relates to the appropriate exercise of power." The rule is, therefore, not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent. See *Sunal* v. *Large,* 332 U.S. 174, 180. The instances in which the writ is granted where there are remedies by appeal or writ of error are rare and of exceptional nature. 39 C.J.S. Habeas Corpus, §8, page 439. Here the remedy by appeal is adequate. This Court has been assured that briefs will soon be filed in the case now before us on appeal, and in all likelihood the matter will be heard at the approaching October Term of this Court. With this in mind it cannot be successfully contended that the adjudication of the prisoner's rights under the appeal will be unduly delayed, or that he is not being afforded a speedy disposition of his case. Petitioner has failed to demonstrate the existence of such circumstances as would require a deviation from normal appellate procedure. No exceptional circumstances have been made to appear.

It is manifest that the trial court had jurisdiction of the offenses and prisoner. He was afforded a trial on the merits of his case. As Judge Cardozo pointed out in *Escoe* v. *Zerbst,* 295 U.S. 490, at 494, "When a hearing is allowed but there is error in conducting it or in limiting its scope, the remedy is by appeal. When an opportunity to be heard is denied altogether, the ensuing mandate of the court is void, and the prisoner confined thereunder may have recourse to habeas corpus to put an end to the restraint." No showing has been made that the mandate under which the petitioner is confined is void, or that he has been denied the right to be heard.

Petitioner makes claim that he was called on for trial without adequate time for preparation. This has not been demonstrated. Moreover, as stated in *Sunal* v. *Large, supra,* at page 179, "It is plain, however, that the writ is not designed for collateral review of errors of law committed by the trial court—the existence of any evidence to support the conviction, irregularities in the grand jury procedure, departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross the jurisdictional line."

Even assuming that the material facts set forth in petitioner's brief or statement of fact had been incorporated in the petition, these

are matters for consideration on his appeal from the conviction, rather than matters to be properly presented at this time in support of the petition for release.

In passing on the question as to whether or not the execution should have been stayed by the lower court we need only to state that under the provisions of 13 V.S.A. §7401, *supra,* this was a discretionary matter in the trial court. No facts have been presented demonstrating an abuse of judicial discretion.

In a previous proceeding the petitioner sought of this Court a stay of execution of his sentence following his conviction in the Chittenden County Court. This petition was heard at a special session of this Court held at Woodstock on July 27, 1964. In reviewing the action of the trial court, we then dismissed the petition and concluded the matter with an entry order reading in part, "there has been no abuse of discretion nor other cause to justify the intervention of this Court at this state of the proceedings." No new facts or circumstances appear to justify intervention by this Court before the appeal is heard.

*It is ordered that the petition for a writ of habeas corpus be dismissed.*