## In Re Brandon Dobson

[ 212 A.2d 620 ]

June Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.

.Opinion Filed July 23, 1965

166

*Edwin W. Free, Jr.* for petitioner.

*Chester Ketcham,* Deputy Attorney General, for the state.

**Barney, J.** The petitioner pled guilty to a felony in municipal court while represented by assigned counsel, conceded to be competent. He now seeks discharge from confinement by this petition for habeas corpus. In it he attacks, among other things, claimed defects in the proceedings prior to judgment and sentence.

The State insists that the plea of guilty bars review of prior irregularities. Insofar as such defects are subject to waiver, we agree. It has been many times said of a writ of habeas corpus that it is not a substitute for an appeal. *In re Rickert,* 124 Vt. 232, 235, 203 A.2d 602. Where, by consent to a judgment, an appeal is waived, the writ certainly ought not to function to give a review after it has been voluntarily foregone, or give more rights under a plea of guilty than are available under the writ after a full-dress trial and appellate review. The writ is not intended to replace, in any way, regular proceedings in error, but lies to question the committing court's jurisdiction of the person and the subject matter, or its authority to render, under the circumstances of the case, the kind of judgment or order it did in fact make. *In re Greenough,* 116 Vt. 277, 282, 75 A.2d 569.

At the time of these proceedings, the petitioner was a minor from the State of New Hampshire. His parents also resided there, in a section called Cream Poke. During an interview by law enforcement officers from both Vermont and New Hampshire, he was persuaded to return to Vermont and the scene of the alleged crime. He drove back in his own car accompanied by a New Hampshire officer. Then, again in the company of these enforcement officers, he was driven around to be identified by certain witnesses. After this took place he was arrested. While being transported to jail, he gave a confession to these officers during a road-side interrogation.

When he was arraigned on Saturday the court noted his minority and entered, on his behalf, not guilty pleas to felony charges involving the obtaining of money by the use of a forged instrument. The court also

informed the petitioner that counsel would be assigned for him for his appearance in the regular court session on Monday, and then remanded him to jail for want of bail. His case was disposed of on a guilty plea that following Monday with his assigned counsel present and participating.

The State points to 33 V.S.A. §678 as requiring the appointment of a guardian ad litem only in cases where the minor has no attorney. It reads:

"Whenever a minor is charged with a crime in any court and is not represented by counsel the court shall forthwith appoint a guardian ad litem to defend the interests of the minor. Whenever a Minor is charged with a felony in any court, he shall be represented by counsel."

This statute overruled *In re Moses,* 122 Vt. 36, 163 A.2d 868, which found competency to waive counsel in a knowledgable minor verging on adulthood. More than that, it indicates legislative determination that a minor have a responsibile advisor upon being subjected to criminal proceedings, since he may be called upon to decide between waiving and asserting certain of his rights, including important constitutional protections. As we decided in *In re Mears,* 124 Vt. 131, 141, 198 A. 2d 27, the statute goes to the point of placing a minor's right to counsel in felony cases beyond waiver, even by his guardian.

The State says that the appointment of counsel here satisfied the requirements of 33 V.S.A. §678. We cannot agree, for two reasons. First, at the time of original arraignment, the petitioner had neither guardian ad litem nor counsel, as the terms of the statute clearly require. At that point there was not even the substantial compliance noted in *In re Mears,* supra, 124 Vt. 131, 136.

Second, the appointment of a guardian ad litem is a power inherent in courts in dealing with those before it who are under disability. See *In re Mears,* supra, 124 Vt. 131, 137. Legislative insistence that such appointments be made in certain cases will not be taken as restrictions upon the power of courts to require it in others. This is especially true when, as here, the judicial requirement implements and advances legislative policy.

Up until the enactment of 33 V.S.A. §678 there existed an anomaly in the law that held a minor competent to conduct his own affairs in criminal matters where his life and liberty may be at stake, yet classed him as disabled to act unguarded in his civil affairs. As early as 1848, in *Starbird* v. *Moore,* 21 Vt. 529, 533, in an action where an infant

had an attorney defending him, this Court stated: "But an infant being legally incapable of appearing for himself and defending his suit in court, or of appointing an attorney to appear and defend for him, any such appearance, or defence, amounts to nothing in contemplation of law." It was later held, in *Fall River Foundry Co.* v. *Doty,* 42 Vt. 412, 416, that the only one competent to plead in the behalf of an infant defendant, is a guardian ad litem. These holdings were recently reaffirmed in *Bielawski* v. *Burke,* 121 Vt. 62, 66-8, 147 A.2d 674.

■ The legislature has now made clear its express opposition to uncounselled waiver of rights by a minor in criminal actions. It is certainly appropriate to the critical nature of the rights involved in criminal proceedings to give there the same procedural protection traditionally applied in civil matters, rather than limit our concern to the minimums required by the statute. To that end we hold that, henceforth, in all cases where a minor is charged with a crime in any court a guardian ad litem shall be appointed. Insofar as *In re Moses,* supra, 122 Vt. 36, 39-40, expresses a contrary position, it is overruled.

■ An attorney can effectively argue the alternative courses open to a client only to one assumed to be capable of making a discriminating choice. The minor is presumed incapable and under disability, hence the need of a guardian ad litem to weigh alternatives for him. Yet a lawyer attempting to function as both guardian ad litem and legal counsel is cast in the quandry of acting as both attorney and client, to the detriment of both capacities and the possible jeopardizing of the infant's interests. The counselling of minors called for by 33 V.S.A. §678 is best provided by a separation of the roles of guardian ad litem and attorney.

Requiring that the rights of a minor be carefully attended during the accusative process is to protect against individual injustice. Certainly it is not in derogation of the concept that all persons should be held to standards of responsibility for criminal acts consistent with their understanding. Whether minors or adults, those old enough to knowingly engage in criminal activity can usually be said to be old enough to suffer an appropriate penalty therefor. Surely the failure to have reached majority ought not to be a complete shield from punishment for criminal mischief.

Besides minority, the petitioner urged other grounds for relief. Those which the commisioner found unsupported by, or contrary to, the facts we need not consider other than to point out that these petitions are under oath and subject to the penalties of perjury when appropriate.

■ Two matters raised to require brief comment. The petitioner seeks to establish, from statutory language in 13 V.S.A. §2004, that charges under the false token statute, 13 V.S.A. §2002, are not subject to the general provision of 4 V.S.A. §428, which permits municipal courts to accept guilty pleas on felony charges carrying a penalty of imprisonment for less than life. 13 V.S.A. §2004 provides:

> "Justice and municipal courts shall have concurrent jurisdiction with the county court of offenses mentioned in section 2002 of this title where the money or property so obtained does not exceed $25.00 in value, and may sentence the person convicted to imprisonment for not more than six months or to pay a fine of not more than $300.00 or both."

At best, the petitioner's argument merely demonstrates that the language of this section may be read to be equivocal on the municipal court's jurisdiction of a guilty plea to a false token felony. In our view, this possibility is insufficient to overcome the clear legislative intent to allow these courts to accept guilty pleas. The statutory pattern is plain and consistent if the concurrent jurisdiction referred to in 13 V.S.A. §2004 is taken to relate to jurisdiction for purposes of trial and adjudication of guilt or innocence, and we so take it.

■ The petitioner also complains that the mittimus is defective, making his commitment unauthorized. But errors in a mittimus do not support a writ of habeas corpus. *In re Thayer,* 69 Vt. 314, 315-6, 37 Atl. 1042. The remedy is to redraft the mittimus to conform to the judgment or correct the sentence. *In re Rogers,* 75 Vt. 329, 331, 55 Atl. 661; *State* v. *Ciocca,* 125 Vt. 64, 76, 209 A.2d 507. But see *In re Harris,* 68 Vt. 243, 245, 35 Atl. 55.

■ It is now held that a minor does not have the legal capacity to waive for himself the appointment of a guardian ad litem. Since no such appointment was made in this case, he stands as though there had been no arraignment or sentencing proceeding against him at all, and he is entitled to be released. See 12 V.S.A. §3984.

*It is adjudged that said Brandon Dobson is illegally restrained in the Vermont State Prison at Windsor, Vermont, and he is discharged therefrom.*