### In Re Chester F. Norse

[218 A.2d 456]

February Term, 1966

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 16, 1966

*Chester F. Norse* pro se.

*Louis P. Peck,* Deputy Attorney General, for the State.

**Per Curiam.** The petitioner has several times sought relief by way of habeas corpus from this Court. In common with a number of other petitioners, his stated grounds for justifying the issuance of the writ demonstrate a misunderstanding of the nature of the remedy.

This Court has frequently said that the writ is not a substitute, additional or concurrent method of appellate review. *In re Rickert,* 124 Vt. 232, 235-6, 203 A.2d 602. This means that questions raised by this petitioner concerning the admissibility of evidence, sufficiency of the evidence, credibility of witnesses, perjured testimony, prejudicial statements during the trial, disagreements with his counsel concerning the manner of presenting the evidence, improper administration of an oath to a minor witness, and errors in the charge to the jury, even if proved, are matters appropriate to an appeal, not grounds for habeas corpus. *In re Mears,* 124 Vt. 131, 136, 198 A.2d 27; *In re Murphy,* 125 Vt. 272, 273-4, 214 A.2d 317. This is by no means an exhaustive list of issues inappropriate for habeas corpus. See, for example, *Walker* v. *Maxwell,* 1 Ohio St. 2d 136, 205 N.E. 2d 394, 395-6. Perhaps, too, we should again point out that habeas corpus is not a proceeding for examining into guilt or innocence. *In re Moses,* 122 Vt. 36, 40, 163 A.2d 868.

The petitioner further complains that he was not given credit on the mittimus for certain jail time spent awaiting trial, although the sentencing court intended to do so. Whatever the fact may be as to this matter, since the mittimus is valid in form and the sentence imposed within the jurisdiction of the committing court, habeas corpus is not the remedy. *In re Dobson,* 125 Vt. 165, 169, 212 A.2d 620. Rather

462

than give the petitioner his freedom, it will, at best, generate corrective court action. *In re Thayer,* 69 Vt. 314, 315, 37 Atl. 1042; *In re Harris,* 68 Vt. 243, 245, 39 Atl. 201.

█ Habeas corpus challenges the jurisdiction of the sentencing court over the person and crime charged, its authority to render, under the circumstances of the case, the kind of judgment or order of confinement it did in fact make, and its challenge may include questions involving rights so constitutionally fundamental that violation of them likewise affects jurisdiction. *In re Dobson,* supra, 125 Vt. 165, 166; *In re Murphy,* supra, 125 Vt. 272, 274. It does not lie in this case.

*Petition dismissed.*