### In re Franklin C. Russell

[ 227 A.2d 289 ]

December Term, 1966

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 7, 1967

*Keith E. King* for petitioner.

*Robert E. West,* State's Attorney, and *Alan W. Cheever,* Assistant Attorney General, for the State.

**Barney, J.** The petitioner has been in the custody of the State of Vermont since 1940. At that time, when he was ten, he was adjudged a feebleminded child by the probate court for the District of Washington, and committed to the Brandon Training School. He is now confined at the state hospital for the mentally ill at Waterbury. He came to this institution as a consequence of a felony conviction just prior to his attaining his majority in 1950. This is a post-conviction relief proceeding, appealing a ruling below adverse to his request for release.

His confinement at Waterbury came about as the result of a criminal prosecution, initiated by the State of Vermont, charging the petitioner with a felony while at Brandon. The crime was the destruction of state-owned property of a value in excess of $25. The result has been sixteen years of confinement in Waterbury for a crime carrying a maximum sentence of three years. 13 V.S.A. §3721. This came about because the petitioner was found to be a defective delinquent under the provisions of 18 V.S.A. §§2813-15. Under the statute, in this particular case, the felony conviction was a prerequisite to the defective delinquency finding.

It is this conviction that the petitioner is attacking. He points out that he was a minor at the time, yet no guardian was appointed. He says that, although his mental handicap came to the attention of the trial court, no hearing on his competency to stand trial was held. The trial court did, however, refuse to accept his personal, unrepresented plea of guilty, and appointed counsel for him. A plea of guilty, made after he had an opportunity to consult with counsel, was later accepted. He was then sent to Waterbury for a determination as to whether or not he should be designated a defective delinquent, and, after an affirmative finding, was recommitted as such. 18 V.S.A. §2815 provides that discharge after such commitment can come only from an order of the committing court, in this case the Rutland municipal court, or from the county court for Rutland county. Such discharge means that he would then be returned to the Rutland municiple court for sentencing on the original charge.

The minority issue is settled law. Prior to No. 159 of the Acts of 1961 (now 33 V.S.A. §678), a guardian ad litem for a minor accused of crime was not a universal and absolute constitutional requirement. *In re Moses,* 122 Vt. 36, 40, 163 A.2d 868. The rule of *In re Dobson,* 125 Vt. 165, 168, 212 A.2d 620, requiring that a minor accused of any crime have a guardian other than his attorney, is not retroactive. *In re Westover,* 125 Vt. 354, 359, 215 A.2d 498. The failure to appoint a guardian on account of his minority does not invalidate the conviction.

It is clear from the record of the proceedings before the convicting court that that court was aware that it had before it a respondent under a mental disability. This was sufficient to oust the presumption of competency to stand trial from the arena, *Tyrrell* v.

*Prudential Ins. Co.,* 109 Vt. 6, 23-24, 192 Atl. 184. It required that court to make a finding as to the respondent's ability to comprehend the nature of the proceedings against him and participate rationally in the decisions relating to his own defense. This requirement is not limited to sanity, or even to mental incapacity. It is part of the larger, due process concept of a fair trial. Conceivably, physical affliction such as blindness or deafness, or inability to communicate because of physical or linguistic limitations, could affect the ability to stand trial, or, in the more usual case, require special provisions be made to overcome the handicap for trial purposes. In any such circumstances it is for the trial court to make the arrangements essential to the provision of a fair trial. In this case, a competency hearing should have been held. It was a prerequisite to due process. The proceedings must be set aside.

· ■ The confinement of the petitioner at Waterbury state hospital came about as a result of the defective delinquency determination. This determination also imposed restrictions on his discharge or transfer. Since this proceeding was invalid, these restrictions no longer apply, and the custody of the petitioner reverts to Brandon Training School. 18 V.S.A. §2417. However, we feel that the welfare of the petitioner requires further immediate attention.

A return to Brandon may not be appropriate, or necessarily in the best interests of the petitioner now. His mental condition may be such as to justify release, either absolute or conditional, or require further commitment and treatment at Waterbury or some other mental institution. The existing statutory authority for transfers between institutions, 18 V.S.A. §§2422-3, or for conditional or absolute discharge, 18 V.S.A. §§2406-8, 2756, are now available to be exercised in the petitioner's behalf. It may develp that continued treatment at Waterbury was, and is, in his best interest. But we feel that an immediate review of his condition ought to be had, in order to avoid unnecessarily restraining him, or to insure adequate and appropriate treatment for him. Therefore, under the authority of 18 V.S.A. §2601, the state may apply for an order from this Court for the petitioner's temporary detention at Waterbury State Hospital for purposes of examination, if the department of mental health so directs.

*The felony conviction of the petitioner before the Rutland Municipal Court on June 23, 1950, is reversed, and the adjudication*

*of defective delinquency is set aside. The custody of the petitioner is remanded to the superintendent of Brandon Training School. Let the State apply for a temporary order retaining the petitioner at Waterbury State Hospital for examination purposes, if it be so advised.*