### In re Stephen L. Fletcher

[ 230 A.2d 800 ]

April Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 6, 1967

*John S. Burgess* for petitioner.

*Alan W. Cheever,* Assistant Attorney General, for the State.

**Shangraw, J.** The petitioner brought his petition for a writ of habeas corpus before the Windham County Court. Following a hearing by the court the petition was denied. On appeal he now seeks review in this Court.

The petitioner was born on August 25, 1944. On December 11, 1964 a plea of guilty in the Windham County Court was entered to the charge of assault with intent to commit rape. He was then sentenced to serve not less than two nor more than eight years in the Vermont State Prison.

Petitioner was at all times represented by competent assigned counsel. No guardian ad litem was appointed to act in his behalf. The only issue presented for consideration is whether the petitioner is illegally restrained of his liberty by reason of his conviction of a felony, while a minor, without benefit of a guardian ad litem.

The controlling thrust of petitioner's contention is that, as a minor charged with a felony, he was entitled to the double benefit of both counsel and an informed guardian ad litem.

The point in issue has been fully discussed. *In re Dobson,* 125 Vt. 165, 212 A.2d 620; *In re Westover,* 125 Vt. 354, 215 A.2d 498, and *In re Russell,* 126 Vt. 240, 227 A.2d 289. All of these cases involved minors.

The opinion in Dobson, *supra,* was filed on July 23, 1965, and therein in part held ". . . henceforth, in all cases where a minor is charged with a crime in any court a guardian ad litem shall be appointed."

In effect, petitioner urges that the rule in the *Dobson* case, *supra,* requiring the appointment of a guardian ad litem for a minor respondent charged with a crime should not be applied prospectively only. However, no special circumstances have been presented in this case requiring a departure from the Dobson rule. The conviction of the petitioner preceded Dobson, *supra.* The failure to appoint a guardian ad litem for petitioner does not invalidate his conviction.

*Judgment of the lower court denying the petition is affirmed.*