## State of Vermont v. Gregory Harris

[ 253 A.2d 147 ]

February Term, 1969

Present: **Holden, C.J., Shangraw, Barney, Keyser, JJ., and Larrow, Supr. J.**

Opinion Filed April 1, 1969

James M. Jeffords, Attorney General, *Alan W. Cheever,* Assistant Attorney General, and *Ezra S. Dike,* State's Attorney, for the State.

*Conley & Foote* for Respondent.

**Shangraw, J.** On September 18, 1967 the respondent, a minor, was arraigned in the District Court, Addison County, on an information charging him with operating a motor vehicle at an unlawful and excessive rate of speed.

On May 22, 1968 a jury trial followed and respondent was found guilty as charged. At no time was a guardian *ad litem* appointed on his behalf. Sentence was imposed on June 7, 1968 and the respondent

was ordered to pay a fine of $25.00 including costs. Execution of the sentence was suspended for thirty days to afford him the opportunity to appeal to this Court. Respondent was born on June 7, 1947 and had arrived at the age of twenty-one years when sentence was imposed. Mr. Harris was at all times represented by competent counsel appointed by the court.

Failure of the court to appoint a guardian *ad litem* was not raised by counsel until the jury returned its verdict. Immediately following the verdict, and before sentence, the respondent moved to set aside on the ground that no such guardian had been appointed to represent him. This motion was denied. On appeal it is urged that the verdict be set aside and the judgment thereon vacated for the reason above stated.

Title 33 V.S.A. §678, then in force and effect at time of respondent's trial and sentence reads:

"Whenever a minor is charged with a crime in any court and is not represented by counsel the court shall forthwith appoint a guardian *ad litem* to defend the interests of the minor. Whenever a minor is charged with a felony in any court, he shall be represented by counsel."

This section was repealed by No. 304 of the Acts of 1967 effective July 1, 1968.

In referring to the above statute, §678, this Court, in considerable detail, has discussed the requirements relating to the appointment of a guardian *ad litem* for a minor charged with a crime. *In re Dobson*, 125 Vt. 165, 168, 212 A.2d 620; *In re Westover*, 125 Vt. 354, 359, 215 A.2d 498; *In re Russell*, 126 Vt. 240, 242, 227 A.2d 289.

*In re Dobson, supra*, was decided at the 1965 June Term of this Court. At page 168, 212 A.2d at page 622 of the opinion appears the following, "* * * we hold that, henceforth, in all cases where a minor is charged with a crime in any court a guardian *ad litem* shall be appointed." Since §678, *supra*, was in force during this prosecution, the *Dobson* rule applies in this case.

The State maintains that the respondent waived his right to the appointment of a guardian *ad litem*. At page 169, 212 A.2d 620, of the *Dobson* opinion this Court stated that a minor does not have the legal capacity to waive for himself the appointment of a guardian *ad litem*. Moreover, the record in this case fails to support any waiver.

Since no such appointment was made, the verdict must be set aside and the judgment vacated.

*Verdict set aside, judgment vacated, and cause remanded.*

**Smith, J.,** did not sit due to illness.