### State of Vermont v. Elton B. Ovitt

[268 A.2d 916]

No. 55-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed August 14, 1970

*James M. Jeffords,* Attorney General and *Jon C. Stahl,* Assistant Attorney General, for the State.

*Elton B. Ovitt, pro se.*

**Smith, J.** In February, 1969, the respondent was tried in the Essex Circuit, Unit No. 4 of the District Court, on a charge of operating a motor vehicle upon the public highway with defective equipment, 23 V.S.A. Sec. 1221, and was adjudged guilty by the jury. From that verdict and the resultant judgment, he has taken his appeal here.

We are first confronted with a motion to dismiss the information and complaint made by the respondent and which was denied by the lower court, in which the respondent claims error. Such motion is that the information is defective, pursuant to 13 V.S.A Sec. 4510, for not being in compliance with 13 V.S.A. Sec. 4508 in that the minute on the information is above the signature of the clerk, rather than placed below it.

"A complaint, information, indictment or writ on which a minute of the day, month and year is not made, as provided by Section 4508 or 4509 of this title, shall be dismissed on motion." 13 V.S.A. Sec. 4510.

"At the time when a complaint, information or indictment is exhibited in a cause mentioned in this chapter, the clerk or magistrate to whom it is exhibited shall make a minute thereon in writing, under his official signature, of the day, month and year when the same was exhibited." 13 V.S.A. Sec. 4508.

The minute on the information reads as follows:

"This information was exhibited to the Court this 16th day of September, 1968."

Under this minute appears the signature of Claire M. Comeau, Clerk.

The information filed before the Essex District Court against the respondent is the same printed form for Information and Warrant that has been used by Vermont courts for an extended period of years. It contains the information required by the statute of the day, month and year in which the information was exhibited to the clerk of the court, and is signed by the clerk of the court under the date when the information and warrant was exhibited in the place provided for such signature on the form. The argument of the respondent is that, under the statute, the clerk must place the minute beneath his signature to comply with that section of 13 V.S.A. Sec. 4508 which states "under his official signature."

The legislative intent in the use of the words "under his official signature" was not to provide that the signature of the clerk must precede the minute of the exhibition required by the law. Such intent was that the minute should be attested to, or warranted by one of the designated officials

as having been the time when the information and warrant was exhibited to him, and the word "under" his signature used in that signification and meaning. No error is found in the denial of this motion to dismiss by the court below.

█ The second motion to dismiss made by the respondent is to this Court. This motion is that the brief of the State was filed out of time and in noncompliance with Rule 8, paragraph 1, of the Supreme Court Rules. The filing time for such brief under the Rule is set at thirty days after the advancing party has filed his printed case and his brief in this Court. The respondent, the advancing party here, never has filed a printed case in this matter, which it was his duty to do. The record before us clearly shows that the State, after being informed by the clerk of this Court that he had been informed by the respondent that he did not propose to file a printed case in this matter, filed its brief immediately thereafter. Any violation of the rules of this Court was on the part of the respondent, and not of the State. The motion is denied.

We now turn our attention to the claims of error on the part of the lower court briefed by the respondent. Some factual background is needed to understand the problems presented. At the time of the trial below, the respondent was 19 years of age, and hence a minor under our laws. The lower court appointed the brother of the respondent, Herbert Ovitt, as his guardian *ad litem*. It is the contention of the respondent that the lower court committed error in not allowing the guardian *ad litem* to appear as his counsel in the trial of the case.

We take judicial notice that our Administrative Order No. 6A provides that counsel is to be assigned to an indigent defendant at the expense of the State only in crimes punishable by imprisonment for more than sixty days or by a fine of more than $1,000.00. Counsel may be furnished in other cases in the discretion of the court, but such counsel shall not be paid from State funds.

The offense with which the respondent was charged, and was convicted, provides that a penalty of a fine not more than $25.00, or imprisonment for not more than thirty days, or both, can be imposed. We also note that the record does not disclose that the respondent at any time requested the trial court to appoint counsel to represent him at his trial.

While the record before us does show that the lower court did refuse the request of the respondent that his brother, as guardian *ad litem,* be allowed to act as his counsel during trial, it also disclosed that the lower court also informed the respondent, who tried his own case, that he was at perfect liberty to consult with his guardian *ad litem* at any point during the trial.

■ The intent and effect of the requirement for the appointment of a guardian *ad litem* is to remove the handicap of infancy. *In re Mears,* 124 Vt. 131, 137, 198 A.2d 27. There can be no doubt that the respondent, either by himself, or acting through his guardian *ad litem,* could have requested the appointment of counsel by the court, although only charged with a misdemeanor, and that such counsel could have been provided at the court's discretion, if the court deemed it advisable. *In re Mears, supra,* p. 138. But such request was not made.

In the case of *In re Dobson;* 125 Vt. 165, 212 A.2d 620, where the question was presented of a lawyer being able to act not only in that capacity for a respondent but as his guardian *ad litem* as well, this Court, speaking through Mr. Justice Barney, made the following statement:

> "Yet a lawyer attempting to function as both guardian *ad litem* and legal counsel is cast in the quandry of acting as both attorney and client."

■ It follows that the same quandry would exist if the reverse of that situation where a guardian *ad litem* also acted as legal counsel for a respondent. We would also point out that while our law allows a respondent to act as his own attorney in the trial of a cause against him, that privilege is not extended to allow the respondent to procure another layman to act as an attorney for him. The appearance of a layman as counsel for another in court would be contrary to law.

> "A guardian *ad litem* is not an attorney for the infant, but an officer appointed by the court to assist it in protecting the interests of the infant." *Stanton et al.* v. *Sullivan,* (R.I.) 4 A.2d 269.

█ We find no error in the refusal on the part of the lower court to allow the guardian *ad litem* of the respondent to appear as counsel in the case. A careful examination of the record of the trial below convinces us that the respondent was afforded a fair and impartial trial.

*Judgment affirmed.*