### In re J. G., Juvenile

[479 A.2d 153]

No. 82-118

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 8, 1984

490

*Robert Andres,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Hill, J.** The juvenile involved in this case, J. G., appeals a decision of the juvenile court finding him to be a delinquent child and placing him in the custody of the Commissioner of Corrections. J. G. claims that the court committed reversible error by appointing his father as his co-guardian ad litem. We disagree.

J. G., a fifteen-year-old juvenile, was the subject of a delinquency petition filed pursuant to 33 V.S.A. § 645(b). The petition charged J. G. with committing the delinquent act of breaking and entering with intent to commit larceny. Before trial defense counsel asked the court to appoint an attorney as the juvenile's guardian ad litem. 33 V.S.A. § 653(a). Defense counsel objected to the appointment of the juvenile's father as guardian ad litem because the father thought J. G. needed "help outside the home," while J. G. did not want to be placed in state custody. J. G. and his counsel believed that a conflict of interest existed between J. G. and his father and that the father would be unable to represent J. G.'s best interests. The trial court appointed an attorney and J. G.'s father as co-guardians ad litem, holding that

> I have no reason to believe . . . that the father necessarily has something other than the best interest of the child in mind, and it may very well be that as a parent he believes that the best thing for his child is to admit the allegations in the petition.

At the end of the trial, the court found J. G. to be a delinquent child, and, with his father's approval, transferred custody over him to the Commissioner of Corrections. 33 V.S.A. § 657(a)(3).

J. G. argues that his interests in the delinquency proceeding conflicted with his father's, so the juvenile court

should not have appointed his father as co-guardian ad litem.* A conflict of interest in a proceeding involving a juvenile may exist if "one person . . . is required to fulfill both an official and a natural role, where the faithful discharge of that person's official duty is hampered." *In re Raymond*, 137 Vt. 171, 179–80, 400 A.2d 1004, 1009 (1979). In a delinquency proceeding, it is the defendant minor's burden to show that the perceived conflict of interest "interfered with the accused's exercise of some constitutional or other right." *Id.* at 180, 400 A.2d at 1009. The minor in this case has failed to prove that he was prejudiced in any way by his father's apparent desire to have him placed in the state's custody. J. G.'s father did not urge J. G. to admit the allegations in the delinquency petition, nor did he interfere with the proceedings in any other way. The record indicates that the trial judge thought J. G.'s father had the best interests of his son in mind. See *In re Dobson*, 125 Vt. 165, 167, 212 A.2d 620, 622 (1965) (the role of a guardian ad litem is to be a "responsible advisor" to the juvenile in a criminal proceeding). Finally, it should be noted that J. G. had another guardian ad litem in addition to his father. J. G. has not claimed that the advice of his other guardian ad litem was inadequate or that it conflicted with J. G.'s best interests.

*Affirmed.*

---

* Section 653(a) of Title 33 provides for the appointment of guardians ad litem in juvenile proceedings:

The juvenile court, at any stage of a proceeding under this chapter, on application of a party or on its own motion, shall appoint a guardian ad litem or counsel for a child who is a party to the proceeding, if he has no parent or guardian or custodian appearing on his behalf or their interests conflict with those of the child . . . .