# State of Vermont v. Stephen Barrette

[571 A.2d 1137]

No. 88-114

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed January 12, 1990

*James A. Hughes,* Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Martin & Paolini,* Barre, for Defendant-Appellant.

**Gibson, J.** Defendant appeals the trial court's denial of his motion to transfer four felony cases (three burglary charges and one of second-degree arson) to juvenile court.[1] We affirm.

Grounds for the appeal are rooted in the trial court's rationale. In denying the motion, the trial judge stated:

It is noted by the Court, defendant is still under age 18 and will have the benefit of record expungement should he

---

[1] The appeal is not interlocutory, but falls under the collateral order doctrine announced in *State v. Lafayette,* 148 Vt. 288, 532 A.2d 560 (1987). See V.R.A.P. 5.1.

be convicted of a felony; and further, that if circumstances present an opportunity for such a disposition the defendant could be involved in a deferred sentence agreement with the State's Attorney's office under certain conditions, again which would result in no criminal record convictions for the defendant as an adult.

The court considers the nature of the offenses—three burglaries, one second-degree arson—to be serious offenses and for those offenses to be not amenable to treatment in the juvenile system for a 16½ year old having the former background of this defendant, although he certainly will be encouraged and hopefully provided every opportunity to rise above his past behavior and to start a new life from this point forward as soon as he is ready. But I can't tell from here if he's ready yet so these cases will remain on the adult criminal calendar.

The "former background" in the second paragraph refers to three adjudications of delinquency in 1986 and 1987. Defendant first argues that the court abused its discretion in denying the motion "on the possibility that the defendant may be able to secure a deferred sentence if convicted." Defendant also stresses the easier path to record expunction after a trial in juvenile court.

■■■ The decision to transfer a criminal proceeding to juvenile court lies within the sound discretion of the trial court. 33 V.S.A. § 635(b); *State v. Lafayette*, 148 Vt. 288, 289, 532 A.2d 560, 561 (1987); *State v. Powers*, 136 Vt. 167, 169, 385 A.2d 1067, 1068 (1978). Here, defendant argues that the court abused its discretion, since its decision was based on an unwarranted assumption that defendant would be able to secure a deferred sentence if convicted. Defendant correctly points out that a deferred sentence would not be automatic,[2] and that his record would be expunged only if he successfully fulfilled the terms of the probation which resulted from the deferral of sentence or the deferred sentence agreement. 13 V.S.A. § 7041(b). There is no doubt that if defendant were treated as a juvenile, expunc-

---

[2] Under 13 V.S.A. § 7041(a) defendant and the state's attorney would have to enter into a written agreement concerning the deferment, with the court retaining the option of accepting or rejecting the agreement. See *State v. Hunt*, 145 Vt. 34, 42, 485 A.2d 109, 113, *cert. denied*, 469 U.S. 844 (1984).

tion of his record would be easier to accomplish. See 33 V.S.A.
§ 665(a). But the decision reflects full awareness that a more
difficult path lies ahead for defendant if he is tried as an adult.
Taken in context, the court's remarks indicate nothing more
than notation for the record that a deferred sentence is *possible*, not that it is guaranteed or that it would be obtainable on no
more difficult terms than if defendant were before the juvenile
court. The court was not bound to protect defendant from the
"taint of criminality" and properly noted defendant's three re-
cent adjudications of delinquency in arriving at its decision on
the transfer motion. See *State v. Lafayette*, 152 Vt. 108, 112–13,
564 A.2d 1068, 1070 (1989); *State v. Jacobs*, 144 Vt. 70, 75, 472
A.2d 1247, 1250 (1984). There was no abuse of discretion.

Defendant's second ground on appeal is that the court erred
in allowing the hearing on the motion to proceed without ap-
pointing a guardian ad litem, although defendant was repre-
sented by counsel at the hearing. Citing *In re Dobson*, 125 Vt.
165, 212 A.2d 620 (1965), defendant urges that the absence of a
guardian rendered the decision on the transfer motion void, re-
quiring reversal. We held in *Dobson* that a guardian ad litem
must be appointed in all cases in which a minor is charged with
a crime. *Id.* at 168, 212 A.2d at 622. Although our decision in
that case considered the limited mandate of the statute then in
effect relating to juvenile criminal defendants who were not
represented by counsel,[3] later repeal of that statute did not
mean the end of the strong policy it announced in favor of ap-
pointment of guardians ad litem for all juvenile criminal defend-
ants. See, e.g., *In re Raymond*, 137 Vt. 171, 177–78, 400 A.2d
1004, 1008 (1979).

■■ But at the same time, the mere failure to appoint a
guardian was not, in the absence of prejudice, sufficient

---

[3] 33 V.S.A. § 678 then stated:

Whenever a minor is charged with a crime in any court and is not repre-
sented by counsel the court shall forthwith appoint a guardian ad litem to
defend the interests of the minor. Whenever a minor is charged with a
felony in any court, he shall be represented by counsel.

Notwithstanding the qualified mandate in the statute, we held in *In re
Dobson*, 125 Vt. 165, 168, 212 A.2d 620, 622 (1965), that "henceforth, in all
cases where a minor is charged with a crime in any court a guardian ad litem
shall be appointed." This statutory provision was subsequently repealed.
1967, No. 304 (Adj. Sess.), § 37.

grounds for reversal, even when 33 V.S.A. § 678 was in force. See *In re Mears*, 124 Vt. 131, 136, 198 A.2d 27, 30–31 (1964). *State v. Harris*, 127 Vt. 514, 515, 253 A.2d 147, 148 (1969), held to the contrary, but the rule of per se reversible error was strictly based on the mandate of § 678. ("Since §678 . . . was in force during this prosecution, the *Dobson* rule applies in this case.") Since § 678 did not apply to the case at bar, we hold that some prejudice must be shown before a verdict will be overturned in a trial in which a juvenile defendant was at all times represented by counsel, even though no guardian ad litem was appointed. We continue to strongly advise appointment of a guardian ad litem in order to avoid the kinds of difficulties and conflicts that can arise from time to time when the juvenile's attorney is in effect both lawyer and client. See *Dobson*, 125 Vt. at 168, 212 A.2d at 622. In the present case, no prejudice was shown below or argued on appeal. Consequently, the failure to appoint a guardian ad litem was harmless error.

*Affirmed.*